## PATEK *v.* WAPLES.

DISCONTINUANCE OF SUIT—STIPULATION—PAROL EVIDENCE—COSTS.
A stipulation discontinuing a pending suit "without costs to either party," but not purporting to embody the terms of the settlement between the parties, does not preclude the introduction of parol evidence to show that, as a condition to the discontinuance, one of the parties was to pay the counsel fees of the other.

Error to Gogebic; Haire, J.    Submitted October 5, 1897.    Decided November 17, 1897.

*Assumpsit* by Julius J. Patek against Belmont Waples for professional services.    From a judgment for plaintiff, defendant brings error.    Affirmed.

*Buck & Waples* (*Fred A. Maynard*, of counsel), for appellant.

*Julius J. Patek* (*C. F. Button*, of counsel), *in pro. per.*

LONG, C. J.    This action of *assumpsit* was brought in justice's court, where defendant had judgment.    On appeal

to the circuit court, the cause was tried before a jury, and the plaintiff had verdict and judgment. The parties are attorneys at law. On the trial it appeared that there was pending in the circuit court for Gogebic county, in chancery, an injunction suit, and also proceedings for contempt, the plaintiff here representing the complainant, and the firm of which defendant is a member the defendants. On June 30, 1896, the parties signed discontinuances of the chancery suit, and, with the assent of the circuit judge, of the proceedings in contempt. The subject-matter of these proceedings had been amicably adjusted, and two stipulations were signed by the parties discontinuing the cases. In one stipulation it was recited that the suit was discontinued "without costs to either party," and in the other "without costs."

On the present trial it was claimed by the plaintiff that, prior to the signing of those stipulations, an agreement was entered into by which the defendant was to pay counsel for the plaintiff his personal charges. This action was brought to recover for such charges. The plaintiff testified that such an agreement was made, and that that was one of the conditions upon which the suits were settled. This was denied by the defendant. At the close of the testimony, the defendant asked the court to direct the verdict in his favor. This was refused, and the question was submitted to the jury to determine whether such an agreement had been entered into; and the court instructed the jury that, if they found such an agreement was made, the plaintiff should recover.

It is now contended that the court was in error in refusing to take the case from the jury, as requested by the defendant, for the reason that parol evidence was not competent to contradict or vary the terms of the written stipulations; that, by the terms of the stipulations, the causes were to be discontinued without costs to either party; and that any parol agreement made prior to or at the time of signing the stipulations was merged in the written agreement. This contention cannot be sustained. The stipula-

tions themselves do not purport to embody the agreement between the parties. A settlement preceded them. What that settlement was, or how much was to be paid, is not set out in the stipulations. They were executed to get the matters there involved off the record,—to wind up the litigation, so far as it appeared of record, and to discontinue the suits. Whatever the agreement of settlement was, rested in parol, and it appears that a part of the agreement was the payment of the fees of counsel. The case does not come within the rule sought to be invoked by defendant, and the court very properly left the question as one of fact for the consideration of the jury.

The judgment must be affirmed, with costs.

The other Justices concurred.