ALLEN v. SOULE.

1. APPEAL AND ERROR—RIGHT—DISCLAIMING PARTIES—MORTGAGES.
    In a suit to require the mortgagee to sell property in such order as to protect interests of subsequent purchasers, no right of appeal from the decree arose in favor of disclaiming defendants against whom no costs were awarded, since a person having no interest in the subject matter of the litigation cannot appeal.

2. SAME—MORTGAGES—COMMISSION—ESTOPPEL.
    Where one of the mortgagees, who disclaimed any interest in the mortgage, gave testimony that $35 had been paid to complainant for discharging the mortgage and was not to apply on the debt, he had no interest sufficient to form the basis of an appeal, and the statement was binding on him, in determining what interest he had in the subject matter.

Appeal from Ottawa; Cross, J. Submitted January 12, 1916. (Docket No. 123.) Decided March 31, 1916.

Bill by Frank C. Allen and another against Charles E. Soule and others for a decree directing the order of sale of real estate on foreclosure. From a decree for complainants, defendants appeal. Affirmed.

*Lillie, Lillie & Lillie,* for complainants.

*Chas. E. Soule* (*C. Edward Soule* of counsel), for defendants.

KUHN, J. It is made to appear that prior to October 7, 1910, Dwight H. Cheeseman was the owner of lots 5, 6, 7, and 8, and the south half of lot 4, block E, in the village of Robinson, Ottawa county, Mich., and also the S. E. ¼ of the N. E. ¼ of section 13, town 7 north, range 15 west, Ottawa county, Mich. On November 10, 1909, Mr. Cheeseman gave a mortgage in the sum of $250 on all this property to Fay F. Soule, as trustee, and no assignment of this mortgage has ever been recorded. The complainant Mr. Frank C. Allen owned some property in Granville, Mich., and he and Mr. Cheeseman arranged a trade of the Granville property, subject to a small mortgage (which Allen was to pay, and has paid), for the S. E. ¼ of the N. E. ¼ of section 13, township 7 north, range 15 west. The deed from Cheeseman to Allen bore date December 5, 1910. Mr. Cheeseman conveyed lots 5, 6, 7, and 8, and the S. ½ of lot 4, block E, in the village of Robinson, to William Foster on November 15, 1910, for the sum of $500, of which $200 was paid in cash and the balance assumed by the Cheeseman mortgage on the said lots, and also the land sold and conveyed to Frank C. Allen. That is, Foster was to pay the mortgage. Mr. Foster subsequently sold the lots to the defendant Sam Mahder, and it is claimed that Mahder paid a certain amount in cash and agreed to pay the mortgage, and

that the amount of the mortgage was deducted from the purchase price, the same as it was when Foster bought of Cheeseman. It is further claimed by the complainant that Mahder did not pay the mortgage, and that Mr. Allen thereupon went to the defendant Soule to purchase the mortgage, but that this was not brought about, and it is claimed that he said that the 40 acres of land would have to be sold first on foreclosure, according to the rule of sale, in the inverse order of alienation.

This bill was then filed, asking for a decree, reversing the order of sale so as to have the lots which were sold first sold first under the foreclosure. Mr. Charles E. Soule, who had been handling the mortgage, and Mr. Fay F. Soule, the trustee, and Mr. Sam Mahder, were made the defendants. Mahder did not file any pleadings, and his regular default was entered. Mr. Charles E. Soule filed an answer, to each and every allegation of the bill, setting forth that he sold the note and mortgage to a stranger, and also added a disclaimer. The defendant Fay F. Soule also filed an answer and disclaimer that he had no personal interest in the matter, excepting the use of his name for the noteholder. On the hearing of the case Mr. Soule testified that he had sold the note and mortgage to David G. Alston.

Upon receiving this information, a petition was filed, asking Mr. Alston to show cause why he should not be made a party. Notice was served on him of an order that he should, within a certain time, show cause why he should not be made a party to the suit. But nothing was done, and the court, after having rendered his finding, directed that a decree be prepared, notice of settlement of which was given to Mr. Soule. The latter, on the day of the settlement of the decree, presented a petition and motion for Mr. Alston, asking that all proceedings to make Alston a party be stricken from the files. Accompanying the petition was an affi-

davit in which Mr. Alston swore that he had sold the note and mortgage to the People's State Bank of Grand Haven. The petition was denied by the court, and the decree was signed, which reverses the rule of the sale in the inverse order of alienation and directs that the lots be sold first, and if they do not bring enough to pay the mortgage, then the 40 acres are to be sold.

It is a cardinal principle, which applies alike to every person desiring to appeal, that he must have an interest in the subject-matter of the litigation. Otherwise he can have no standing to appeal. In this record it appears that Mr. Alston disclaims any interest therein, having sold the mortgage and note before any proceedings were taken to make him a defendant. It also appears from the disclaimers of the other defendants that they had absolutely no interest in the mortgage or the property. Mr. Mahder, the man who owns the land, is not a party to the litigation, and is not complaining about the decree. No costs were awarded against any of the defendants.

It is the claim of the defendant Charles Soule that at one time $35 was sent by Mr. Cheeseman to Mr. Allen to pay Mr. Soule to have the mortgage discharged, but the money was never turned over to Mr. Soule, and that the decree results in his being deprived of this money. But in his testimony he further stated that the $35 was not to apply on the mortgage, and it is clear, therefore, that it cannot be said to be a part of the mortgage or the note.

We are satisfied that the appealing defendants have shown no such interest as to entitle them to appeal, and that therefore their appeal should be dismissed, and the decree of the court below be affirmed, with costs of this court to the complainant.

STONE, C. J., and BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred. OSTRANDER, J., did not sit.