CUDDIHY v WAYNE STATE UNIVERSITY BOARD OF
GOVERNORS

Docket No. 89350. Submitted December 10, 1986, at Detroit. Decided
May 13, 1987.

Loretta Cuddihy, who was dismissed from a masters program in
the College of Education at Wayne State University for poor
academic performance, brought an action in Wayne Circuit
Court against the Board of Governors of Wayne State Univer-
sity. Plaintiff sought reinstatement in the program and an
award of damages. The trial court, John H. Hausner, J.,
granted summary disposition in favor of defendant, ruling no
material factual issue existed and defendant was entitled to
judgment as a matter of law. Plaintiff appealed, claiming
summary disposition was precluded by genuine issues of mate-
rial fact as to whether plaintiff's dismissal from the program
was unlawfully based on sex, age, religion and race. Plaintiff
also claimed that she was entitled to relief under the doctrine
of equitable estoppel based on alleged representations made by
her academic adviser indicating she would be completing the
program by a certain time.

The Court of Appeals *held:*

1. Equitable estoppel does not apply in a case where, as here,
no misrepresentation of fact was made by the party sought to
be estopped. Neither is plaintiff entitled to relief under a
theory of implied contract or promissory estoppel. The state-
ment made by plaintiff's academic adviser, upon which the
claim of estoppel was based, was not an enforceable promise,
but merely an opinion regarding an anticipated date of comple-
tion of plaintiff's masters program.

2. The record was devoid of facts in support of plaintiff's
claim that her dismissal was unlawfully based on her sex, age,
religion and race. The trial court therefore did not err in

REFERENCES

Am Jur 2d, Civil Rights §§ 84 *et seq.*; 226 *et seq.*; 507.

Am Jur 2d, Estoppel and Waiver §§ 26 *et seq.*; 134 *et seq.*

Application of Title IX of the Education Amendments of 1972 (20
USCS §§ 1681 *et seq.)* to sex discrimination in education employ-
ment. 54 ALR Fed 522.

granting summary disposition in defendant's favor as to this claim.

Affirmed.

1. ESTOPPEL — EQUITY.

Generally, to justify the application of estoppel, one must establish that there has been a false representation or concealment of material fact, coupled with an expectation that the other party will rely upon this conduct, and knowledge of the actual facts on the part of the representing or concealing party.

2. CIVIL RIGHTS — AGE DISCRIMINATION — SEX DISCRIMINATION.

A plaintiff who claims to have been discriminated against on the basis of age and sex must show that age was the determining factor in her disparate treatment and that similarly situated persons had been treated differently because of their sex.

*Craig, Farber, Downs & Dise, P.C.* (by *Roger E. Craig*), for plaintiff.

*Michael J. Kiley*, for defendant.

Before: WAHLS, P.J., and R. M. MAHER and D. J. SHIPMAN,* JJ.

PER CURIAM. Plaintiff, Loretta Cuddihy, appeals as of right from a Wayne Circuit Court order granting summary disposition in favor of defendant Board of Governors of Wayne State University. We affirm.

In the fall of 1973, plaintiff entered the special education program at Wayne State University. In 1975, she indicated which course plan she wished to participate in to become a candidate for a Master of Education degree. The plan she selected was generally followed by prospective doctoral candidates and required certain classes along with a research paper. Because plaintiff was experiencing some academic difficulty, and because she had indicated that she wanted to teach upon receiving

* Circuit judge, sitting on the Court of Appeals by assignment.

her masters degree, plaintiff's academic adviser, Dr. Falk, suggested that she change to another plan. The plan recommended was one generally followed by those students who did not wish to pursue a doctorate and called for a comprehensive written and oral examination to be given at the end of the candidate's course work. Plaintiff followed Dr. Falk's advice and switched plans.

While in the new plan, plaintiff participated in a required clinical program which entailed working in public schools with three different teachers. Plaintiff received a less than satisfactory grade of "c" from two of the three teachers.

Ultimately, plaintiff finished her academic course work and took her written examination. She failed three of the eight subjects. She retook the three subjects and failed once more. Plaintiff then took her oral examination and failed five of the seven subjects. As a result, she was dismissed from the program in May, 1979. Plaintiff appealed through the school's appeal process. Unfortunately for plaintiff, at each level the original decision was upheld.

In October, 1982, plaintiff filed suit in circuit court seeking certification in accordance with the "contract" between plaintiff and defendant, injunctive relief reinstating her in the program and damages.

Plaintiff argues that the circuit court erred in granting summary disposition pursuant to MCR 2.116(C)(10) for two reasons. First, she contends that there was a material issue of fact as to whether defendant's decision to dismiss plaintiff from the graduate program was arbitrary and capricious. Plaintiff also claims that her academic adviser promised that she would be finished with the academic program by September, 1978, and that she relied on that promise, so that she is

entitled to relief under the doctrine of equitable estoppel. We disagree.

A motion for summary disposition based upon the absence of a genuine issue of material fact tests the factual support for a claim or defense. *Crowther v Ross Chemical & Manufacturing Co*, 42 Mich App 426; 202 NW2d 577 (1972), interpreting GCR 1963, 117.2(3), the predecessor of MCR 2.116(C)(10); *Durant v Stahlin*, 375 Mich 628; 135 NW2d 392 (1965). The court must consider the affidavits, pleadings, depositions, admissions and documentary evidence filed in the action or submitted by the parties. *Rizzo v Kretschmer*, 389 Mich 363; 207 NW2d 316 (1973). The court must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Rizzo, supra; City National Bank of Detroit v Rodgers & Morgenstein*, 155 Mich App 318; 399 NW2d 505 (1986).

Plaintiff has misconstrued the doctrine of equitable estoppel in applying it to this case. The traditional form of that doctrine states that a party who is guilty of a *misrepresentation of an existing fact* upon which the other party justifiably relies to his detriment is estopped from denying his utterances or acts to the detriment of the other party. Calamari & Perillo, Contracts (2d ed); see *Lumber Village, Inc v Siegler*, 135 Mich App 685, 697; 355 NW2d 654 (1984). In *Lothian v Detroit*, 414 Mich 160, 177; 324 NW2d 9 (1982), the Supreme Court stated:

> Generally, to justify the application of estoppel, one must establish that there has been a false representation or concealment of material fact, coupled with an expectation that the other party will rely upon this conduct, and knowledge of the actual facts on the part of the representing or

concealing party. See 28 Am Jur 2d, Estoppel and Waiver, § 35, p 640.

In the instant case there was no "misrepresentation of fact." Rather, plaintiff's claim was based on defendant's so-called "promise" that she would be able to graduate and begin work by September, 1978. Thus her claim would seem to sound in implied contract or promissory, rather than equitable, estoppel.

Even under the theory of promissory estoppel, plaintiff has no cause of action on the basis of *Regents of the University of Michigan v Ewing,* 474 US 214; 106 S Ct 507; 88 L Ed 2d 523 (1985).

In *Ewing,* a medical student sought an order compelling the University of Michigan to permit him to retake the Medical Board Examination and to reinstate him based, in part, on a claimed contractual right under Michigan law or on estoppel grounds. The district court concluded:

> I also reject the contract and promissory estoppel claims, finding no sufficient evidence to conclude that the defendants bound themselves either expressly or by a course of conduct to give Ewing a second chance to take Part I of the NBME [National Board of Medical Examiners] examination. Ewing contends that the pamphlet "On Becoming A Doctor," which states that a qualified student would be given a second chance to take the NBME, gives him a contractual right to do so. Even if he had learned of the pamphlet's contents before he took the examination, and I find that he did not, I would not conclude that this amounted either to an unqualified promise to him or gave him a contract right to retake the examination. [559 F Supp 791, 800 (ED Mich, 1983) (ruling cited with approval 88 L Ed 2d 531, ns 9 and 10).]

The statement made by plaintiff's academic ad-

viser does not amount to an enforceable promise. The comment was merely an opinion. Further, it strains credulity to suggest that a student in a rigorous academic environment would "rely" on a "promise" by her academic adviser that she could graduate soon without also being cognizant that she must maintain her grades and pass her examinations. It is unlikely that a graduate student believed that merely by paying her tuition fees she was entitled to graduate with a masters degree. We conclude that plaintiff did not state a claim for promissory estoppel. *Ewing, supra.*

Plaintiff's other argument is that the trial court erred in granting summary disposition because there was a material issue of fact as to whether plaintiff's dismissal from the graduate program was based on sex, age, religion, or race. We have reviewed the record and find no facts which would indicate any type of discrimination.

The apparent basis for plaintiff's discrimination claim is MCL 37.2102(1); MSA 3.548(102)(1):

> The opportunity to obtain employment, housing and other real estate, and the full and equal utilization of public accommodations, public service, and *educational facilities* without discrimination because of *religion, race,* color, national origin, *age, sex,* height, weight, or marital status as prohibited by this act, is recognized and declared to be a civil right. [Emphasis added.]

Plaintiff's age discrimination claim apparently arises out of a conversation with Dr. Falk's wife. Dr. Falk's wife and plaintiff were fellow students in a class called Evaluation in Measurement. Dr. Falk's wife was at that time going through the masters program in learning disabilities in the College of Education at Wayne State University. Plaintiff claims Dr. Falk's wife told her that Dr.

Falk did not believe that middle-age women should be in the speech pathology program. Plaintiff claims that this attitude was consistent with her treatment at Wayne State University. This apparently is the sole basis for plaintiff's age and sex discrimination claim and is a slim thread on which to hang a claim of discrimination.

The standard in such cases is that it is the plaintiff's burden of showing that age was the determining factor in plaintiff's disparate treatment or that similarly situated persons had been treated differently because of their sex. See *Bouwman v Chrysler Corp,* 114 Mich 670; 319 NW2d 621 (1982) (age discrimination); *Heath v Alma Plastics Co,* 121 Mich App 137; 328 NW2d 598 (1982) (sex discrimination). We note that of the five members involved in evaluating plaintiff's written and oral comprehensive examinations, three were older than plaintiff and three were female.

As stated above, in order to survive a motion for summary disposition based on MCR 2.116(C)(10), there must be some competent evidence that could support the claim. The court must consider the pleadings, affidavits, depositions, admissions, and documentary evidence filed in the action. Beyond the statement plaintiff claims Dr. Falk's wife made to her during the class, there is absolutely no support for plaintiff's claim. All the academics involved in the decision swear by affidavit that plaintiff was not discriminated against on the basis of her age, sex, religion, race or religious preference. Plaintiff has failed to put forward material issues of fact sufficient to defeat a motion for summary disposition based on MCR 2.116(C)(10).

Plaintiff also claims discrimination on the basis of her religion. This claim is based on plaintiff's allegation that her adviser "laughed" when reading her transcript from Mercy College, plaintiff

claims, because of the religious terminology on that transcript. Again, this is insufficient to support a discrimination claim. This is particularly so in light of the fact that plaintiff's academic adviser once taught at Mercy College.

Plaintiff also alleges that she was discriminated against on the basis of her race. This claim apparently arises out of an evaluation given by one of several teachers who critiqued plaintiff. The teacher criticized comments made by plaintiff critical of black dialect and which indicated that plaintiff held some stereotypical views of black children. In light of the affidavits submitted by defendant and in light of the fact that plaintiff's allegations were supported by nothing more than her own deposition, we conclude that there is no material issue of fact and that summary disposition was proper. See MCR 2.116(G)(4).

Affirmed.