KIETA v THOMAS M COOLEY LAW SCHOOL

Docket No. 291608. Submitted July 14, 2010, at Lansing. Decided
    September 16, 2010, at 9:05 a.m.

    Christine Kieta, a student at Thomas M. Cooley Law School, brought
    an action in the Kent Circuit Court against the law school, seeking
    injunctive relief to prevent the law school from conducting formal
    proceedings to investigate plaintiff's alleged violations of the law
    school's student honor code. The court, Paul J. Sullivan, J., denied
    the request for injunctive relief, but allowed plaintiff to amend her
    complaint to raise claims of breach of contract and arbitrary and
    capricious conduct. The hearing at the law school proceeded, and
    the hearing panel concluded that there was clear and convincing
    evidence to support a determination that plaintiff had lied in
    violation of the honor code. The panel also held that there was not
    clear and convincing evidence to support the charge of failing to
    cooperate with the initial review. The panel determined that three
    hours of counseling and instruction in civility, ethics, and stress
    management was an appropriate remedy. The panel stated that a
    summary of the decision would be placed in plaintiff's student file,
    but expressly concluded that the nature and the circumstances of
    the violation would not prevent plaintiff's admission to the bar.
    After the panel rendered its decision, plaintiff attempted to pursue
    her action in the trial court, but the court granted the law school's
    motion for summary disposition and denied plaintiff's motion
    requesting the court to apply judicial estoppel. The court held that
    the honor code had not given rise to an enforceable contract and
    that the law school had not engaged in arbitrary and capricious
    conduct. After the court's decision, plaintiff graduated from the
    law school and was admitted to the Illinois bar. Plaintiff appealed
    the order granting defendant's motion for summary disposition.

    The Court of Appeals *held*:

    Under MCR 7.203(A), a party must be an aggrieved party in
order to appeal. A party is entitled to appeal when the party has an
interest in the subject matter of the controversy and is injuriously
affected or aggrieved by the lower court's judgment or order. An
issue becomes moot when a subsequent event renders it impossible
for the appellate court to fashion a remedy. The Court of Appeals

could not provide a remedy in this case because after the trial court granted the law school's motion for summary disposition, plaintiff graduated from the law school. Plaintiff's appeal was thus moot.

Appeal dismissed.

1. APPEAL — JUDGMENTS — ORDER.

A party must be an aggrieved party in order to appeal; a party is entitled to appeal a lower court's judgment or order when the party has an interest in the subject matter of the controversy and is injuriously affected or aggrieved by the judgment or order (MCR 7.203[A]).

2. APPEAL — MOOT ISSUES.

An issue becomes moot for purposes of appealing a lower court's determination regarding the issue when a subsequent event renders it impossible for the appellate court to fashion a remedy.

Christine Kieta *in propria persona.*

*Garan Lucow Miller, P.C.* (by *Megan K. Cavanagh* and *Michael P. McCasey*), for Thomas M. Cooley Law School.

Before: FORT HOOD, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM. Plaintiff appeals as of right the circuit court order granting defendant's motion for summary disposition. We dismiss the appeal as moot.

Plaintiff was a student at defendant law school when she failed to attend her intraschool moot court class and turn in an assignment worth 10 points. The following week, she reported that she had not turned in the assignment because she was not proud of it. When instructed to e-mail the assignment immediately after class so that it could be determined if points could be awarded, plaintiff admitted that she had been dishonest with her professor about the status of the assignment. The professor referred the matter to the assistant dean

of students for review under the school's honor code. After attempts to resolve the matter informally failed because plaintiff refused to cooperate, formal proceedings for lying and for failing to cooperate (termed "toleration") in violation of the law school's honor code were commenced. Plaintiff filed a complaint seeking injunctive relief to prevent the hearing from occurring. The trial court denied the motion, but allowed plaintiff to amend her complaint to raise claims of breach of contract and arbitrary and capricious conduct. Despite the amended complaint, plaintiff continued to request injunctive relief to prevent damage to her reputation, her academic record, and her admission to the bar. Plaintiff did not identify monetary damages arising from any alleged breach of contract.[1]

After the hearing was completed, the panel concluded that there was clear and convincing evidence to support the honor-code violation of lying, but did not find clear and convincing evidence to support the honor-code violation of toleration. With regard to the penalty for the violation, the panel concluded that three hours of counseling and instruction in civility, ethics, and stress management was appropriate. More importantly, the panel held that a summary of the decision would be placed in plaintiff's file, but expressly concluded that the nature and circumstances of the violation would not prevent plaintiff's admission to the bar.

After the panel rendered its decision, plaintiff attempted to pursue her lawsuit, but the trial court granted defendant's motion for summary disposition and denied plaintiff's motion for application of judicial

---

[1] Plaintiff's brief on appeal does not comply with the requirements of MCR 7.212(C)(6) because it does not contain a statement of all the material facts, both favorable and unfavorable. In fact, it does not identify the underlying factual basis for the honor-code violations.

estoppel. The trial court held that the honor code did not give rise to an enforceable contract and that the law school had not engaged in arbitrary and capricious conduct. After the trial court's decision, plaintiff graduated from defendant law school and was admitted to the Illinois bar. Nonetheless, plaintiff filed an appeal of the order granting defendant's motion for summary disposition.

In order to appeal, a party must be an aggrieved party. MCR 7.203(A). "It is a cardinal principle, which applies alike to every person desiring to appeal, that he must have an interest in the subject-matter of the litigation. Otherwise he can have no standing to appeal." *Allen v Soule*, 191 Mich 194, 197; 157 NW 383 (1916). On appeal, the litigant must demonstrate that he or she is affected by the decision of the trial court. *George Realty Co v Paragon Refining Co of Mich*, 282 Mich 297, 300; 276 NW 455 (1937); see also *Ford Motor Co v Jackson (On Rehearing)*, 399 Mich 213, 226 n 9; 249 NW2d 29 (1976) (stating that a party is entitled to appeal when it is interested in the subject matter of the controversy and is injuriously affected or aggrieved by the lower court's judgment or order) (citation omitted). An issue becomes moot when a subsequent event renders it impossible for the appellate court to fashion a remedy. *In re Contempt of Dudzinski*, 257 Mich App 96, 112; 667 NW2d 68 (2003).

The summary of the facts of this case demonstrates that we cannot provide a remedy from the trial court's decision. Defendant sought to investigate an incident between plaintiff, who was a student, and a professor wherein the professor accused plaintiff of lying in violation of the student honor code. Defendant sought to informally resolve the matter, but plaintiff refused to cooperate. Consequently, defendant commenced formal

proceedings against plaintiff. Plaintiff was found to have violated the honor code and ordered to complete three hours of counseling. After the hearing was held and the sanction was imposed, plaintiff pursued her claims of breach of contract and arbitrary and capricious conduct. However, plaintiff has since graduated from defendant law school. In light of plaintiff's graduation, we cannot fashion a remedy, and her appeal is moot.[2] *Id.*[3]

Dismissed as moot. Defendant, as the prevailing party, may tax costs. MCR 7.219.

---

[2] At oral argument, plaintiff refused to answer questions regarding the underlying incident. Moreover, plaintiff alleged that she had incurred damages, but could not identify harm flowing from any alleged breach of contract or to her reputation. See *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 512; 667 NW2d 379 (2003). Indeed, but for the filing of this appeal, the underlying incident would have merely remained part of the plaintiff's law school file.

[3] For purposes of completeness, we note that the student honor code did not create a contract, see *Cuddihy v Wayne State Univ Bd of Governors*, 163 Mich App 153, 156-158; 413 NW2d 692 (1987), and plaintiff failed to establish a genuine issue of material fact regarding the alleged arbitrary and capricious conduct, see *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).