# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL J. BAKER and SUZIE C. BAKER,

Plaintiffs-Appellants,

UNPUBLISHED
August 18, 2015

v

RESIDENTIAL FUNDING COMPANY, L.L.C.,
and ORLANS ASSOCIATES, P.C.,

Defendants-Appellees.

No. 321902
Washtenaw Circuit Court
LC No. 11-001260-CH

Before: SAWYER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Plaintiffs appeal from an order of the circuit court denying their motion to reopen this case that had been administratively closed following an automatic stay due to bankruptcy court proceedings. We affirm.

In 2006, plaintiffs gave a mortgage on their residence in Washtenaw County in the amount of $937,500. That mortgage was subsequently assigned to defendant Residential Funding Company (RFC). Plaintiffs were unable to make their mortgage payments and in 2007, the property went into foreclosure. RFC retained defendant Orlans Associates to represent them in the foreclosure process and the subsequent eviction proceedings. A sheriff's sale was conducted in February 2007 and plaintiffs were unable to redeem the property by the February 2008 deadline. Following the expiration of the redemption period, RFC filed an action in district court for eviction to gain possession of the property. This ultimately resulted in plaintiffs entering into a consent judgment of eviction. Meanwhile, plaintiffs had filed for bankruptcy in 2008 under Chapter 7, which was concluded in August 2008.

Plaintiffs filed an action under the Michigan Consumer Protection Act. Summary disposition in that case was granted in favor of the defendants, which decision was upheld on appeal. See *Baker v Homecomings Financial, LLC*, unpublished opinion per curiam (No. 296471, issued 7/26/2011). Despite the 2008 consent judgment of eviction, and a subsequent 2011 eviction action, plaintiffs remained in possession of the property. According to defendants,

-1-

plaintiffs did not finally surrender possession of the property until April 2014, in compliance with a bankruptcy court order.

In 2011, plaintiffs filed the instant action, alleging various counts against defendants. The crux of plaintiffs' claims, however, is that the original foreclosure action was invalid because the assignment document was fraudulent. Furthermore, plaintiffs alleged that the failure to disclose this fact in the foreclosure action as well as the subsequent eviction proceedings constituted a fraud on the courts involved.

Part of defendants' response was to move in bankruptcy court to reopen plaintiffs' 2008 bankruptcy. Defendants' position was that, even assuming that plaintiffs had a valid claim, any such claim arose prior to their filing for bankruptcy and, therefore, the claim was an asset of the bankruptcy estate and plaintiffs. With one exception, the bankruptcy court agreed. That exception was the claim regarding a fraud on the court in connection with the eviction proceedings. The bankruptcy court concluded that that claim, upon which the court gave no opinion of its validity, arose after the conclusion of the bankruptcy proceedings and, therefore, was not an asset of the bankruptcy estate. In addition to ordering plaintiffs to surrender possession of the property within one week, the court explicitly restricted plaintiffs' ability to maintain the fraud on the court claims:

> Therefore, the Debtors will not be entitled to seek title to the Property, possession of the Property, an extension of their possession of the Property, or damages related to their loss of the Property or of an interest in the Property. Nor may the Debtors seek damages based on any claim or allegation that the pre-petition foreclosure of the mortgage on the Property was wrongful or defective, except insofar as such a claim or allegation is part of the FOC Claim.

The FOC Claim referenced by the bankruptcy court in its order is the fraud claim related to the eviction proceedings. The court also directed the bankruptcy trustee to release the litigation claims related to the foreclosure and ruled that those claims would cease to exist. The court further found that title to the property "transferred to RFC pursuant to the Sheriff's Deed recorded with the Washtenaw County Register of Deeds on March 8, 2007 . . . ."

Thereafter, plaintiffs moved in the circuit court to reopen this case in light of the conclusion of the bankruptcy proceedings. The trial court denied the motion and plaintiffs now appeal.

While there are a number of issues presented in this appeal, there is one that is clearly and easily dispositive of this matter: this case is moot. In light of the bankruptcy court's order, plaintiffs are unable to have the foreclosure set aside, obtain damages based upon a claim of an improper foreclosure, or regain possession of the house. Therefore, no remedy can be fashioned,

even assuming that plaintiffs can establish fraud, and this case is moot. See *Kieta v Thomas M Cooley Law School,* 290 Mich App 144, 147-148; 799 NW2d 579 (2010).[1]

Affirmed. Defendants may tax costs.

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

---

[1] Plaintiffs argue that, if they could establish fraud in the eviction proceedings, they would be entitled to seek sanctions and punitive damages for that fraud perpetrated upon the district court. While this is possibly true, it would be in the form of damages awarded to a litigant in the court because of the fraud committed against the court in those proceedings. Therefore, even assuming that plaintiffs would be entitled to such damages, a very large assumption indeed, it would have to have been awarded by the district court in the eviction proceedings, not by the circuit court in an independent action.