# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* R. J. K. TIMON, Minor.

UNPUBLISHED
October 18, 2018

Nos. 342031, 342202
Wayne Circuit Court
Family Division
LC No. 13-512300-NA

Before: MURRAY, C.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

This matter involving the termination of respondents' parental rights to the minor child, RJKT, is before this Court for a second time. In Docket No. 342031, respondent-mother appeals as of right the trial court's amended order terminating her parental rights to RJKT after conducting proceedings on remand from our Supreme Court. In Docket No. 342202, respondent-father claims an appeal as of right from the same trial court order, which also terminated his parental rights to RJKT. We consolidated the appeals of respondent-mother and respondent-father.[1] For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

In our prior opinion in this matter, we affirmed the trial court's order terminating the parental rights of respondent-mother and respondent-father to RJKT. *In re R J K Timon, Minor*, unpublished per curiam opinion of the Court of Appeals, issued May 2, 2017 (Docket Nos. 333788 and 333789), p 1. As we noted in our prior opinion, RJKT was initially removed based on allegations involving respondents' habitual drug use and domestic violence issues. *Id*. RJKT was placed with his maternal grandmother. Subsequently, the court "ordered petitioner to file a termination petition for RJKT, citing RJKT's age." *Id*. at 2. After the termination hearing, "the trial court concluded that RJKT should not be placed in a guardianship, statutory grounds existed to terminate each respondent's parental rights, and termination of each respondent's parental rights was in RJKT's best interests." *Id*. An order terminating the parental rights of each respondent was ordered. *Id*.

---

[1] *In re RJK Timon Minor*, unpublished order of the Court of Appeals, entered February 7, 2018 (Docket Nos. 342031 and 342202).

On appeal, this Court concluded that the trial court did not clearly err in finding that statutory grounds existed to terminate respondents' parental rights. *Id*. at 4, 5. This Court further concluded that the trial court did not clearly err by finding that termination of respondent-mother's parental rights was in RJKT's best interests. *Id*. at 5-6. Additionally, we concluded that reversal was not warranted based on the trial court's analysis in deciding not to place RJKT in a guardianship; we reasoned that the trial court considered a guardianship with RJKT's maternal grandmother even though the juvenile code did not require a guardianship to be considered at that stage of the proceedings. *Id*. at 6 & n 3. With respect to respondent-father, this Court concluded that he had failed to properly present for our review any appellate challenge to the trial court's finding that termination of his parental rights was in RJKT's best interests. *Id*. at 5 n 2. As previously stated, this Court affirmed the trial court's termination of respondents' parental rights to RJKT. *Id*. at 6.

Respondent-mother filed an application for leave to appeal to the Michigan Supreme Court. Our Supreme Court subsequently entered the following order on the application, in which it remanded the matter to the trial court to reconsider its best-interests determination:

> Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate that part of the judgment of the Court of Appeals addressing the best interests determination, and remand this case to the Wayne Circuit Court for reconsideration of whether terminating respondent's parental rights is in the best interests of the child. MCL 712A.19b(5). The trial court judge failed to articulate whether her generalized concerns regarding the lack of permanency and stability for younger children placed with a guardian are present for *this* child. On remand, the trial court shall make an individualized determination as to whether terminating respondent's parental rights is in the best interests of respondent's youngest child without regard to a generalized policy disfavoring guardianship for children under the age of 14. The trial court shall receive additional evidence from the parties as necessary to make this determination. [*In re Timon*, 501 Mich 867; 901 NW2d 398 (2017).]

Both respondent-mother and respondent-father participated in the subsequent proceedings held in the trial court on remand. At the January 10, 2018 hearing, the trial court indicated that the matter was before the court on remand from the Michigan Supreme Court and that the purpose of the remand was limited solely to the issue of RJKT's best interests. In explaining the issue to be addressed at the hearing, the trial court read from the Michigan Supreme Court's order. The trial court heard argument from each of the parties and then announced its ruling that termination of both respondents' parental rights was in RJKT's best interests. In reaching this conclusion, the trial court noted that RJKT was born in 2009 and had been removed in April 2013, but still had not received the permanence and stability that he needed. The trial court further stated that it considered the fact that RJKT was in a relative placement. It concluded, however, that adoption provided more permanence and stability than a guardianship because adoption created a lifetime legal relationship that could only be terminated in the same manner as terminating the rights of a child's biological parents, and adoption required a thorough vetting process for the adoptive parents.

On the same day, the trial court entered an amended order indicating that it found by a preponderance of the evidence that terminating respondents' parental rights was in RJKT's best interests and formally terminating respondents' parental rights. This written order contained a detailed explanation of the trial court's reasoning, which echoed its statements made on the record during the hearing. In the order, the trial court additionally noted that RJKT had "waited for a time when his parents would be prepared to care for him" but now needed permanence and stability from another source since respondents were never able to provide proper care and custody.

Both respondent-mother and respondent-father now appeal.

## II. BEST INTERESTS

Both respondents essentially argue on appeal that the trial court erred in its best-interests determination and failed to comply with our Supreme Court's remand order because the trial court failed to make an individualized determination tailored to RJKT without regard to a policy against guardianships for young children. Respondent-mother additionally argues that the trial court failed to comply with the remand order because it did not accept additional evidence during the remand proceedings below.

## A. STANDARD OF REVIEW

"[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). "We review a trial court's decision regarding a child's best interests for clear error." *In re Laster*, 303 Mich App 485, 496; 845 NW2d 540 (2013). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App at 80 (quotation marks and citation omitted).

"Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007). "[W]hen an appellate court gives clear instructions in its remand order, it is improper for a lower court to exceed the scope of the order." *K & K Constr, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 544; 705 NW2d 365 (2005). "It is the duty of the lower court or tribunal, on remand, to comply strictly with the mandate of the appellate court." *Id*. at 544-545 (quotation marks and citation omitted).

## B. ANALYSIS

We conclude that the trial court complied with the remand order of our Supreme Court and did not clearly err by determining that termination of respondents' parental rights was in the minor child's best interests.

At the best-interest stage, the focus is on the child and not the parent. *In re Moss*, 301 Mich App at 87. In making its best-interests determination, the trial court may properly consider "the child's need for permanency, stability, and finality." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012). The possibility that the child could be adopted is also a

proper consideration. *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). "[T]he fact that a child is living with relatives when the case proceeds to termination is a factor to be considered in determining whether termination is in the child's best interests." *In re Olive/Metts Minors*, 297 Mich App at 43. However, the trial court may nonetheless "terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests . . . ." *Id.*

In this case, our Supreme Court's remand order directed the trial court to "reconsider[] . . . whether terminating respondent's parental rights is in the best interests of the child," and to "make an individualized determination as to whether terminating respondent's parental rights is in the best interests of respondent's youngest child without regard to a generalized policy disfavoring guardianship for children under the age of 14." Our Supreme Court explained that the "trial court judge failed to articulate whether her generalized concerns regarding the lack of permanency and stability for younger children placed with a guardian are present for *this* child." The trial court on remand found that RJKT was in need of permanence and stability, which he still had not received after having been out of respondents' care since 2013 and having waited in vain for them to be able to provide proper care and custody. RJKT is currently nine years old and thus has been in limbo for over half of his young life. The trial court concluded that adoption would provide the permanence and stability that RJKT needed and that termination was therefore in the minor child's best interests. In reaching this conclusion, the trial court specifically considered the fact that RJKT was placed with a relative. While a court must consider the existence of a relative placement, a court may still find that termination is in the child's best interests under the circumstances. *Id.*

Thus, the trial court complied with our Supreme Court's mandate to reconsider its best-interests decision by making an individualized determination focused on RJKT. The trial court also clearly articulated its finding that RJKT was in need of the long-term permanency and stability that adoption, rather than a guardianship, could better guarantee. Indeed, once an order of adoption has been entered, the "person or persons adopting the adoptee then become the parent or parents of the adoptee under the law as though the adopted person had been born to the adopting parents and are liable for all the duties and entitled to all the rights of parents." MCL 710.60(1). Further, "[a]fter entry of the order of adoption, there is no distinction between the rights and duties of natural progeny and adopted persons, and the adopted person becomes an heir at law of the adopting parent or parents and an heir at law of the lineal and collateral kindred of the adopting parent or parents." MCL 710.60(2).

Additionally, the trial court did not fail to comply with our Supreme Court's remand order by declining to accept additional evidence during the remand proceedings below. Our Supreme Court's remand order directed the trial court to "receive additional evidence from the parties as necessary to make" its best-interests determination. Yet, our Supreme Court only ordered the trial court to accept additional evidence *as necessary* to make its individualized best interests determination. The trial court indicated that it did not need additional evidence in order to render a decision. Indeed, there was no need for further evidence to support the trial court's finding that the minor child currently needed permanence and stability, that the child had not had this permanence and stability throughout the majority of his life, and that adoption provided the best opportunity for achieving permanence and stability.

Accordingly, we affirm the trial court's order.[2] We are not left with a definite and firm conviction that a mistake was made with respect to the trial court's best-interests finding, and accordingly there was no clear error. *In re Moss*, 301 Mich App at 80. We also conclude that the trial court complied with our Supreme Court's remand order. *K & K Constr*, 267 Mich App at 544-545. Because it is not necessary to remand this matter to the trial court again, we need not address mother's remaining argument that the matter should be remanded to a different trial court judge.

Affirmed.

/s/ Christopher M. Murray
/s/ Stephen L. Borrello
/s/ Michael J. Riordan

---

[2] The lawyer-guardian ad litem (LGAL) for the minor child argues that this Court does not have jurisdiction to consider respondent-father's appeal in this matter because respondent-father was not an "aggrieved party" for purposes of MCR 7.203(A). Under MCR 7.203(A), this Court "has jurisdiction of an appeal of right filed by an aggrieved party" from certain judgments and orders further defined in the court rule. However, the LGAL has failed to explain how respondent-father was not an aggrieved party with respect to the trial court's January 10, 2018 order from which respondent-father appeals given that respondent-father was a party and participant in the remand proceedings conducted in the trial court, that the January 10, 2018 order specifically addressed *respondent-father's* parental rights, and that the trial court specifically concluded in the order that *terminating respondent-father's parental rights was in RJKT's best interests*. See *Tevis v Amex Assurance Co*, 283 Mich App 76, 79-80; 770 NW2d 16 (2009) ("The term 'aggrieved party' is defined, for purposes of MCR 7.203, as one who is not merely disappointed over a certain result, but one who has 'suffered a concrete and particularized injury . . . . [A] litigant on appeal must demonstrate an injury arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case.' ") (citation omitted; alteration and ellipsis in original); see also *Kieta v Thomas M Cooley Law Sch*, 290 Mich App 144, 147; 799 NW2d 579 (2010) (stating that a litigant on appeal, in order to be an aggrieved party under MCR 7.203(A) and have standing to appeal, "must demonstrate that he or she is affected by the decision of the trial court"). Accordingly, we are not inclined to find that this Court lacks jurisdiction over respondent-father's appeal in this matter.