*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* IRVINE, Minors.

UNPUBLISHED
May 27, 2021

No. 352084
Gogebic Circuit Court
Family Division
LC No. 18-000065-NA

Before: MURRAY, C.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Respondent father appeals as of right the order terminating his parental rights to the minor children JI and CI under MCL 712A.19b(3)(h) (parent's incarceration will deprive the child of a normal home) and (k)(*ii*) (parent sexually abused a child or a sibling of a child). We affirm.

## I. BACKGROUND

Law enforcement was the first involved in this case after respondent posted partially nude photos of CI online. CI was 10 years old and respondent was her biological father. A search warrant was executed and law enforcement seized still photos and video pornography of CI and respondent. Law enforcement involved Children's Protective Services (CPS) which petitioned the court for removal of CI and JI from the home. A criminal and civil case against respondent transpired from his conduct with CI. Later, it was revealed that a sibling, JI, was sexually abused by the children's mother[1] and that respondent encouraged JI to sexually abuse his sister, CI, and to have sex with the mother. Respondent pled guilty to two counts of first degree criminal sexual conduct (CSC) in his criminal case, but vehemently denied responsibility for having sexually abused his children in this child protective proceeding. However, the guilty plea transcript and judgment of sentence in the criminal case were legally admitted without objection against the respondent in this child protective proceeding. That evidence was relied upon by the trial court to

---

[1] The children's mother voluntarily relinquished her parental rights to the children, does not contest that release here, and is not a party to this appeal.

find that statutory grounds for termination of respondent's parental rights existed under MCL 712A.19b(3)(h) and (k)(*ii*).

On appeal to this Court, respondent argues that 1) much of the evidence admitted at trial was inadmissible, 2) the evidence used to terminate his parental rights was not clear and convincing, 3) he was improperly denied parenting time between the adjudication and the filing of the permanent custody petition, and 4) termination of his parental rights was not in the children's best interests.

## II.  STATUTORY GROUNDS FOR TERMINATION

### A.  STANDARD OF REVIEW AND ISSUE PRESERVATION

"A court may terminate a respondent's parental rights if one or more of the statutory grounds for termination listed in MCL 712A.19b(3) have been proven by clear and convincing evidence." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012).  We review for clear error the trial court's decision that a ground for termination has been proven by clear and convincing evidence.  *Id*.  A finding of fact is clearly erroneous if we are left with a definite and firm conviction that a mistake was made.  *Id*. at 41.  "When reviewing the trial court's findings of fact, this Court accords deference to the special opportunity of the trial court to judge the credibility of the witnesses."  *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005).

"We review for an abuse of discretion a trial court's decision regarding the admission of evidence."  *In re Utrera*, 281 Mich App 1, 15; 761 NW2d 253 (2008).  "An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of principled outcomes." *Id*. (quotation marks and citation omitted).

Respondent raises multiple unpreserved new evidentiary challenges on appeal.  A challenge to the admission of evidence is preserved by objecting in the trial court on the same grounds as on appeal.  *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). Unpreserved evidentiary issues are reviewed for plain error affecting substantial rights.  *In re Beers*, 325 Mich App 653, 677; 926 NW2d 832 (2018).

### B.  ANALYSIS

#### 1.  EVIDENTIARY RULINGS

Respondent argues that inadmissible hearsay evidence was relied upon by the trial court to terminate his parental rights.  We disagree.

"In Michigan, child protective proceedings comprise two phases: the adjudicative phase and the dispositional phase."  *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014).  During the adjudicative phase, the court determines whether to take jurisdiction of the child.  *Id*.  "In order to find that a child comes within the court's jurisdiction, at least one statutory ground for jurisdiction contained in MCL 712A.2(b) must be proven, either at trial or by plea."  *In re SLH*, 277 Mich App 662, 669; 747 NW2d 547 (2008).  During the adjudicative phase, "the rules of evidence for a civil proceeding apply, and the standard of proof is a preponderance of the evidence."  *In re AMAC*, 269 Mich App 533, 536; 711 NW2d 426 (2006).  During the dispositional

phase, the court determines "what measures the court will take with respect to a child properly within its jurisdiction and, when applicable, against *any* adult.... MCR 3.973(A)". *In re Sanders*, 495 Mich at 406 (emphasis in original). The rules of evidence generally do not apply at the dispositional phase. *In re Utrera*, 281 Mich App at 16. However, when the court receives a supplemental petition seeking termination of parental rights of a respondent whose child is already within the jurisdiction of the court and the allegations are different from those which caused the court to take jurisdiction, they must be proven by clear and convincing legally admissible evidence. MCR 3.977(F); *In re DMK*, 289 Mich App 246, 258; 796 NW2d 129 (2010).

Respondent's contention on appeal that the transcript of his criminal plea hearing and judgment of conviction were hearsay is meritless. As a preliminary matter, respondent's challenge to the admission of this evidence was waived where there was no objection below to either document being admitted, and respondent's trial counsel actually asked that the transcript in its entirety, and not just an excerpt, be admitted. Second, the documents were not hearsay. Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Petitioner submitted certified copies of the plea hearing transcript and judgment of sentence. A certified copy of a public record is admissible as evidence. MRE 902(4).[2] Thus, the court did not plainly err in admitting the documents.

Respondent also argues that testimony from CPS worker Elizabeth Fyle was erroneously admitted. At the termination hearing, Fyle testified to having been present for respondent's criminal plea hearing and to having heard respondent give a detailed admission regarding the sexual assault of CI in open court. She further testified that respondent's plea statement was consistent with what the children had told her had happened in the home. Respondent challenges this testimony from Fyle as inadmissible hearsay. Respondent did not object to the testimony below, so review is for plain error affecting defendant's substantial rights, *In re Beers*, 325 Mich App at 677, i.e. "the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Fyle's testimony as to what she heard respondent testify to at the criminal plea hearing was admissible hearsay, under MRE 801(d)(2) as an admission by a party-opponent.

As for Fyle's testimony concerning what the children told her, that testimony was inadmissible hearsay. This was plain error, but given the admission of the substantially same evidence through the transcript, this error did not affect respondent's substantial rights.

Finally respondent challenges testimony from Fyle and Detective Sergeant Glenn Gauthier regarding items found in CI's room. Fyle testified that while she was in CI's room gathering the child's belongings for placement outside the home, she discovered in a drawer, "a purple dildo", "a pornographic DVD", "stripper boots, like thigh-high, leather, stripper boot type boots", "mini-

---

[2] MRE 902(4) provides that "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to ... A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification[.]"

skirts, a variety of lingerie, [and] fishnet stockings." Gauthier testified that the "dildo" was confiscated by law enforcement. Gauthier further testified that during his investigation of the CSC charges against respondent, he discovered Child Sexually Explicit Material (CSEM) involving CI, including a video of CI being vaginally penetrated with a "dildo" by respondent. As a challenge to Fyle's testimony, respondent posits that the items found in CI's bedroom belonged to the children's mother and were either moved there by law enforcement during the execution of the search warrant or Fyle was mistaken as to whose room she was in when she discovered those items. Neither argument goes to the legal admissibility of Fyle's testimony, but rather to its weight. Respondent also challenges Gauthier's testimony on grounds that Gauthier's identification of CI in the video was based on inadmissible hearsay from Detective Sergeant Nicole Hisertoe, who identified CI to Gauthier in a photo although Hisertoe had never met CI. Hisertoe did identify CI to law enforcement, including Gauthier, as part of a briefing on what material to look for during execution of the search warrant. Gauthier however, also testified that he made an independent identification of CI by comparing non-CSEM family photos of CI that he saw in the family home during execution of the search warrant with the person seen on the video. Cf. MRE 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony.").

## 2. SUFFICIENCY OF THE EVIDENCE

Here, respondent admitted to allegations in the original petition that he took pictures of CI in lingerie and posted them on a website. The court found that respondent's admissions satisfied grounds for taking jurisdiction under MCL 712A.2(b), for failure to provide necessary care for the children's mental and physical health or morals, and where the depravity or criminality of the parent created an unfit home environment.[3] Later, a supplemental petition was filed that requested permanent custody based, in part, on respondent's sexual abuse of CI and length of incarceration. Respondent did not admit to those allegations. In accord with MCR 3.977(F)(1)(b), the trial court was required, in part, to find "on the basis of clear and convincing legally admissible evidence that one or more of the facts alleged in the supplemental petition . . .[were] true; and . . . came within MCL 712A.19b(3)(a)[-](m)".

The supplemental petition for termination requested termination under MCL 712A.19b(3)(h) and (k)(*ii*). MCL 712A.19b(3)(h) provides that termination is proper when:

---

[3] To the extent that respondent attempts to challenge the sufficiency of his plea to prove unfitness under MCL 712A.2(b) on appeal, the challenge is barred for failure to timely appeal to this Court. See MCR 3.971(B)(8) ("the respondent may be barred from challenging the assumption of jurisdiction in an appeal from an order terminating parental rights if they do not timely file an appeal of the initial dispositional order under MCR 7.204 or a delayed appeal under MCR 3.993(C)"). See also MCR 7.204(A)(1) ("Except where another time is provided by law or court rule, an appeal of right in any civil case must be taken within 21 days."). Respondent has not otherwise claimed a defect in the plea proceeding under MCR 3.971 that would disturb the court's taking of jurisdiction.

The parent is imprisoned for such a period that the child will be deprived of a normal home for a period exceeding 2 years, and the parent has not provided for the child's proper care and custody, and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

MCL 712A.19b(k)(*ii*) provides for termination when:

The parent abused the child or a sibling of the child, the abuse included 1 or more of the following, and there is a reasonable likelihood that the child will be harmed if returned to the care of the parent:

* * *

 (*ii*) Criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate.

The trial court's decision to terminate respondent's parental rights under either provision was supported by clear and convincing evidence, and was not erroneous. At the termination hearing, the court took judicial notice of the criminal file in respondent's Gogebic Circuit Court case no. G-18-212-FC. Judicial notice is a substitute for actual proofs presented by the parties, *Winekoff v Pospisil*, 384 Mich 260, 268; 181 NW2d 897 (1970), and may be taken at any stage of the proceedings, MRE 201(c) and (e). "A judicially noticed fact [is] one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." MRE 201(b). Petitioner also admitted certified copies of the transcript of respondent's November 14, 2018 criminal plea hearing and the January 23, 2019 Judgment of Sentence in the criminal case. Respondent did not object to the court taking judicial notice of the criminal file, nor to petitioner's admission of the plea transcript and judgment of sentence.

While only one statutory ground need be proven for termination of parental rights, *In re Fried*, 266 Mich App at 540-541, there was also clear and convincing legally admissible evidence to support the trial court's decision to terminate respondent's parental rights under MCR 712A.19b(3)(k)(*ii*). In the transcript from respondent's plea hearing in the criminal case, respondent admitted that he had "oral sex and regular sex" with 10-year-old CI on more than two occasions. MCL 712A.19b(k)(*ii*) further contemplates that when the parent sexually abuses the sibling of a child, there is a reasonable likelihood that the sibling would also be harmed if returned to the parent. This Court has also held that a parent's treatment of one child is probative of how the parent will treat the child's siblings. *In re HRC*, 286 Mich App 444, 460-461; 781 NW2d 105 (2009). CI was JI's sibling. Respondent's treatment of CI is therefore probative of his treatment of JI. In this case however, the inference need not be drawn when there was additional evidence of JI having been sexually abused. JI disclosed that he had sex with his mother and CI with respondent's encouragement and approval that such conduct was appropriate.

The transcript of respondent's guilty plea alone was clear and convincing legally admissible evidence to establish grounds for termination under MCL 712A.19b(3)(k)(*ii*). Respondent admitted to sexually abusing CI, who was respondent's daughter and consequently,

JI's sibling. Respondent's length of incarceration made return of the children to his care during their minority impossible. Fyle's and Gauthier's testimony was legally admissible evidence of respondent's conduct that was in furtherance of his sexual abuse of CI.

Therefore, the court's decision to terminate respondent's parental rights under MCL 712A.19b(3)(h) and (k)(*ii*), was supported by legally admissible facts.[4]

### III. BEST INTERESTS

### A. STANDARD OF REVIEW

We review for clear error the court's decision regarding the children's best interests under MCL 712A.19b(5). *In re Olive/Metts Minors*, 297 Mich App at 40. A finding of fact is clearly erroneous when the Court is left with a definite and firm conviction that a mistake was made. *Id*. at 41.

### B. ANALYSIS

Respondent argues that the trial court clearly erred by finding that termination was in the children's best interests. We disagree.

"The trial court must order the parent's rights terminated if the [petitioner] has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "In making its best-interest determination, the trial court may consider the whole record, including evidence introduced by any party." *In re Medina*, 317 Mich App 219, 237; 894 NW2d 653 (2016) (quotation marks and citation omitted). "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, [and] the child's need for permanency, stability, and finality[.]" *In re Olive/Metts*, 297 Mich App at 41–42 (internal citations omitted).

This record was replete with evidence of the harm done to the children by respondent. Dr. James Henry, who performed a trauma assessment of both children, noted that each had suffered

---

[4] Respondent also mentions that petitioner failed to exert reasonable efforts to reunify the family. Respondent failed to brief and analyze this issue. "Failure to brief a question on appeal is tantamount to abandoning it." *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). This issue was also not contained in the statement of questions presented. "An issue not contained in the statement of questions presented is waived on appeal." *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004). Respondent further failed to raise this issue below. "The time for asserting the need for accommodation in services is when the court adopts a service plan...." *In re Terry*, 240 Mich App 14, 27; 610 NW2d 563 (2000). In any event, petitioner was not required to exercise reasonable efforts in this case where respondent subjected the children to abuse involving criminal sexual conduct. MCL 712A.19a(2)(a); MCL 722.638.

"complex trauma". When the trial court was addressing whether and in what manner the children should testify, Henry recommended that the children neither hear nor see respondent because of the overwhelming sense of panic, fear, and concern over the risk of being harmed by respondent. Early in the child protective proceeding the guardian ad litem for the children advised the court that both children wanted to see respondent and missed their parents. However, as the case progressed and the children attended therapy, they expressed that they did not want to visit or see respondent. Respondent was sentenced to at least 25 years in prison and no relatives came forward to care for the children. The evidence that termination of respondent's parental rights was in the best interests of each child was overwhelming.

Respondent additionally argues that he was improperly denied parenting time in between his adjudication and the filing of the termination petition contrary to MCL 712A.13a(11)[5] and MCR 3.965(C)(6)(a). Given this Court's decision that statutory grounds for termination were established and that termination was in the children's best interests, the issue of parenting time is moot. *Kieta v Thomas M Cooley Law Sch*, 290 Mich App 144, 147; 799 NW2d 579 (2010) ("An issue becomes moot when a subsequent event renders it impossible for the appellate court to fashion a remedy.")

Affirmed.

/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens

---

[5] Now codified at MCL 712A.13a(13). MCL 712A.13a was amended by 2012 PA 115, effective May 1, 2012, and 2012 PA 163, effective June 12, 2012, which redesignated the numbering of the statutory subsections, but did not make any substantive changes.