*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAHENDER SUNDER LAWOTI,

UNPUBLISHED
July 22, 2025
11:25 AM

Plaintiff-Appellant,

v

No. 368228
Kalamazoo Circuit Court
LC No. 2022-005463-DO

GEETA GURUNG LAWOTI,

Defendant-Appellee.

Before: FEENEY, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

Plaintiff-husband (plaintiff) appeals as of right the divorce judgment that includes a spousal support award in favor of defendant-wife (defendant). We affirm.

Plaintiff and defendant met in 1994 and married in 1995 in Nepal. During the course of the marriage, two, now adult, children were born. Plaintiff obtained a permanent job as a tenured college professor. In the course of his work, plaintiff frequently traveled. Consequently, defendant raised the children and maintained the household. Defendant was responsible for taking the children to their activities and schooling. Defendant also handled all household chores, including cooking and cleaning, without assistance from plaintiff.

After 28 years of marriage, plaintiff filed for divorce. He portrayed defendant as an abusive and threatening woman who lied about her background and ambitions. Although defendant obtained an accounting degree, plaintiff accused defendant of wanting to live a life of luxury without working. On the contrary, defendant claimed that plaintiff was involved in extra-marital relationships and humiliated and demeaned her. She also claimed to be hampered by her limited language skills and health issues. Plaintiff was to maintain the status quo pertaining to household bills, but defendant alleged that he did not comply, and she had to rely on family for assistance. Although the couple used family resources to purchase properties in Nepal, defendant accused plaintiff of hiding property in his mother's name. Defendant also questioned whether the parties' substantial credit card debt was necessitated by the couple's household expenses.

The trial court acknowledged that the couple had two primary assets: (1) the marital home that was encumbered by a mortgage and a home equity line of credit, leaving $181,000 in equity,

-1-

and (2) plaintiff's retirement fund. The couple also had substantial liabilities. Defendant requested that the marital home be awarded to her because she did not have employment or credit to acquire a new home. When dividing up the assets and liabilities, the trial court determined that defendant owed plaintiff approximately $130,000 as a payment to equalize the property award. But, the trial court also found that defendant was entitled to $200,000 in spousal support from plaintiff, payable at a rate of $20,000 a year for 10 years. Accordingly, the trial court "offset" the $130,000 cash equalizer payment owed by defendant to plaintiff from the spousal support award. The remaining spousal support of $70,000 owed by plaintiff to defendant was to be paid in a five-year period. Plaintiff questioned whether the trial court converted a modifiable spousal support award under MCL 522.28 to nonmodifiable spousal support, challenging how it could be recouped *if* defendant remarried. But, there was no evidence that defendant intended on remarrying. The trial court rejected plaintiff's challenge as speculative.

Plaintiff filed his brief on appeal, but did not order the bench trial transcripts. Instead, he only filed a transcript of the trial court's oral ruling. After this Court notified plaintiff of the noncompliance with MCR 7.210(A), the transcripts were ordered and filed. But, plaintiff did not seek to amend his brief on appeal to conform to the court rules. MCR 7.212(C)(6) provides that the appellant's brief must contain a statement of facts that is "a clear, concise, and chronological narrative." Additionally, "[a]ll material facts, both favorable and unfavorable, must be fairly stated without argument or bias." The statement of facts must contain specific page references to the transcript, pleadings, or other pertinent information filed with the trial court. This citation to the record is necessary to delineate: (a) "the nature of the action;" (b) "the character of pleadings and proceedings;" (c) "the substance of proof in sufficient detail to make it intelligible, indicating the facts that are in controversy and those that are not;" (d) important dates of instruments and events; (e) the trial court's ruling and orders; (f) "the verdict and judgment;" and (g) any other dealings pertinent to understand the controversy and questions involved. MCR 7.212(C)(6)(a-g).

In addition to the noncompliance with MCR 7.212(C)(6), plaintiff merely referenced MCL 522.28 to support his argument that the trial court converted the spousal support award to nonmodifiable. An appellant may not simply announce a position or assert an error and leave it to the appellate courts to discover and rationalize the basis for the claims and then search for authority to sustain or reject the position. *Goolsby v Detroit*, 419 Mich 651, 655 n 1; 358 NW2d 856 (1984). "The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow." *Id*. (quotation marks and citation omitted). And, plaintiff only speculated that he would suffer a loss of the inability to recoup the cash equalizer if defendant remarried. "On appeal, the litigant must demonstrate that he or she is affected by the decision of the trial court." *Kieta v Thomas M Cooley Law Sch*, 290 Mich App 144, 147; 799 NW2d 579 (2010); see also *Ford Motor Co v Jackson (On Rehearing)*, 399 Mich 213, 226 n 9; 249 NW2d 29 (1976) ("To be entitled to appeal, in addition to being interested in the subject matter of the controversy, one must also be injuriously affected or aggrieved by the judgment or order. To be aggrieved, the determination must in some substantial manner prejudice him in his rights or adversely affect his legal interests . . . but one is not aggrieved by a mere possibility of injury arising from some unknown and future contingency[.]" *(quotation marks and citations omitted).

Under MCL 552.28, a trial court retains the authority to modify judgments concerning spousal support after the entry of the judgment, particularly if there is a change in circumstances. *Lemmen v Lemmen*, 481 Mich 146, 166; 749 NW2d 255 (2008). The trial court need not wait until

the appeal process is complete when a change in circumstances affects the needs or ability to pay of a party. *Id*. at 167.

Additionally, the trial court may modify an alimony provision to realign the judgment to reflect the true facts of the case. *Ackerman v Ackerman*, 163 Mich App 796, 806; 414 NW2d 919 (1987). Further, a "bright-line" rule addressing when spousal support may be modified is not contained within the plain language of MCL 552.28. *Richards v Richards*, 310 Mich App 683, 693; 874 NW2d 704 (2015). "Once a trial court provides for spousal support, it has continuing jurisdiction to modify such an order, even without 'triggering language' in the judgment of divorce." *Id*. Plaintiff's contention that he was left without a remedy if defendant remarries is not supported by this caselaw. Finally, we reject the argument that the trial court focused on equity and did not adequately consider the factors outlined in *Sparks v Sparks*, 440 Mich 441, 159-160; 485 NW2d 893 (1992). Plaintiff's assertion is belied by the trial court's extensive and thorough oral ruling.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Stephen L. Borrello
/s/ Anica Letica

-3-