# STATE OF MICHIGAN

# COURT OF APPEALS

GARY STEPHEN GARRETT,

        Plaintiff-Appellant,

v

DARITA CAMILLE WASHINGTON,

        Defendant,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellee.

FOR PUBLICATION
February 23, 2016
9:00 a.m.

No. 323705
Wayne Circuit Court
LC No. 14-005222-NI

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right from the trial court's order of voluntary dismissal of the claim against Darita Washington (Washington) without prejudice, which followed its order granting summary disposition in favor of defendant State Farm Mutual Automobile Insurance Company (State Farm) in this no-fault action. Because we are bound to follow this Court's decision in *Adam v Bell*, ___ Mich App ___; ___ NW2d ___ (2015), pursuant to MCR 7.215(J)(1), we reverse the trial court's decision to grant summary disposition in favor of State Farm and remand for further proceedings consistent with this opinion. However, were it not for this Court's decision in *Adam*, we would affirm the trial court's decision to grant summary disposition in favor of State Farm. Therefore, we declare a conflict with *Adam* pursuant to MCR 7.215(J)(2).

## I. FACTS AND PROCEDURAL HISTORY

This case arises from a January 4, 2013 automobile accident involving plaintiff and Washington. At the time of the accident, plaintiff had a no-fault insurance policy with State Farm. On June 3, 2013, plaintiff filed a complaint against State Farm that sought personal protection insurance (PIP) benefits, thus instituting the "original action." The original action proceeded to case evaluation and was ultimately settled by mutual acceptance of the case evaluation award, as indicated in a February 20, 2014 notice of the results of the case evaluation.

-1-

The trial court subsequently dismissed the action at a settlement conference on April 22, 2014. On April 22, 2014, the same day as the settlement conference in the original action, plaintiff filed a third-party complaint in the instant case, alleging a negligence claim against Washington and a breach of contract claim against State Farm for uninsured motorist (UM) benefits in the amount of $20,000. Plaintiff filed a motion to consolidate the original action and the instant action. On May 5, 2014, the trial court entered a final order in the original action, which denied plaintiff's motion to consolidate the two cases and dismissed the original action with prejudice. On May 28, 2014, State Farm filed an answer in this case and asserted, as an affirmative defense, that plaintiff's claim for UM benefits was barred by the doctrine of res judicata.

On June 10, 2014, State Farm moved for summary disposition under MCR 2.116(C)(4) (lack of subject-matter jurisdiction), (C)(7) (claim barred as a matter of law), and (C)(8) (failure to state a claim on which relief can be granted), arguing that (1) the trial court lacked subject-matter jurisdiction over the claim against State Farm since plaintiff only requested $20,000 in UM benefits, (2) plaintiff's claim for UM benefits could have been resolved in the original action, and, therefore, was barred by res judicata, and (3) plaintiff's claim was barred under the compulsory joinder rule, MCR 2.302(A). Plaintiff filed a response on July 11, 2014, contending that (1) the trial court had subject-matter jurisdiction since the *total amount* in controversy against *all* defendants exceeded $25,000, (2) plaintiff's claim for UM benefits was not barred by res judicata since the claim for UM benefits was fundamentally different than the claim for PIP benefits, and (3) the compulsory joinder rule did not require plaintiff to join his claim for UM benefits in the original action. The trial court held a hearing on the motion for summary disposition on July 18, 2014. Plaintiff's attorney argued that the trial court had subject-matter jurisdiction over the case because the claims against both State Farm and Washington exceeded $25,000, to which the trial judge eventually responded, "Okay." The trial court determined that plaintiff's claim for UM benefits was barred by the doctrine of res judicata. The trial court followed the reasoning in this Court's unpublished decision in *Graham v State Farm Mut Auto Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued February 18, 2014 (Docket No. 313214), and granted summary disposition in favor of State Farm. The trial court entered an order on July 22, 2014, dismissing the case against State Farm with prejudice. On August 27, 2014, the trial court entered an order of voluntary dismissal without prejudice with regard to the remaining claim against Washington, which constituted the final order in the case.

## II. RES JUDICATA

On appeal, plaintiff argues that the trial court erred in determining that res judicata barred his claim for UM benefits. We are required to reverse and remand on the basis of this Court's decision in *Adam*. However, we believe that *Adam* was wrongly decided.

We review de novo both a trial court's decision on a motion for summary disposition and its application of the legal doctrine of res judicata. *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). "In determining whether summary disposition under MCR 2.116(C)(7) is appropriate, a court considers all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Blue Harvest, Inc v Dep't of Transp*, 288 Mich App 267, 271; 792 NW2d 798 (2010).

" 'The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation.' " *Bryan*, 304 Mich App at 715 (citation omitted). For res judicata to preclude a claim, three elements must be satisfied: "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). "[T]he burden of proving the applicability of the doctrine of res judicata is on the party asserting it." *Baraga Co v State Tax Comm*, 466 Mich 264, 269; 645 NW2d 13 (2002).

Both parties to this action were parties to the original action, and it is undisputed that the original action was decided on its merits. In any event, "acceptance of a case evaluation is essentially a consent judgment," *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 555; 640 NW2d 256 (2002), and "[r]es judicata applies to consent judgments," *Ditmore v Michalik*, 244 Mich App 569, 576; 625 NW2d 462 (2001). Consequently, the dispute in this matter is regarding the third element for res judicata, i.e., whether plaintiff's claim for UM benefits is a claim that *could have been* litigated in the original action. See *Adair*, 470 Mich at 121.

Our Supreme Court "has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, *exercising reasonable diligence*, could have raised but did not." *Adair*, 470 Mich at 121 (emphasis added). Accordingly, under the third element for res judicata, Michigan courts employ the broad, pragmatic "same transaction test," often referred to as the "transactional test," rather than the narrower "same evidence test." *Id*. at 123-125. Thus, while the question of whether the same evidence is necessary to support claims "may have some relevance, the determinative question is whether the claims in the instant case arose as part of the same transaction as did [the plaintiff's] claims in" the original action. See *id*. at 125. Under the transactional test, " 'a claim is viewed in "factual terms" and considered "coterminous with the transaction, regardless of the number of substantive theories, *or variant forms of relief flowing from those theories*, that may be available to the plaintiff." ' " *Id*. at 124 (citation omitted; emphasis added). The Court explained that " '[t]he "transactional" test provides that "the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." ' " *Id*. at 124 (citation omitted). " 'Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in *time, space, origin or motivation*, [and] whether they form a convenient trial unit . . . .' " *Id*. (alteration in original), quoting 46 Am Jur 2d, Judgments, § 533, p 801.

In deciding this case, the trial court followed the reasoning in *Graham*, rather than the contrary reasoning in *Miles v State Farm Mut Auto Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued May 6, 2014 (Docket No. 311699). Since the trial court decided this matter, however, this Court explicitly adopted much of the reasoning from *Miles* in *Adam*. See *Adam*, ___ Mich App ___; slip op at 3-5. The plaintiff in *Adam* "was injured when she was struck by a vehicle driven by Susan Bell." *Id*. at ___; slip op at 1. Adam subsequently filed a complaint against her no-fault insurer asserting a claim for PIP benefits and, after settling that claim with her insurer, stipulated to the entry of an order of dismissal with prejudice. *Id*. at ___;

slip op at 1-2. Roughly two months later, Adam "filed a third-party complaint alleging negligence against Susan Bell, a claim of owner liability against [the owner of the vehicle involved in the accident], and a claim of breach of contract against [the insurer] with respect to uninsured motorist (UM) benefits." *Id*. at ___; slip op at 2. The insurer moved for summary disposition, arguing that Adam's UM claim was barred by res judicata, and the trial court agreed. *Id*. There was "no dispute . . . that the prior action . . . involved the same parties and was decided on the merits." *Id*. Thus, the only dispute was "whether the two actions arose from the same transaction such that [the] plaintiff in the exercise of reasonable diligence could have but did not raise [her] UM claim during the prior action[.]" *Id*. Accordingly, the *Adam* Court applied the transactional test for res judicata and decided that, despite her prior action against the insurer for PIP benefits, res judicata did not bar the plaintiff's new claims:

> Using this pragmatic approach, we conclude that although plaintiff's PIP claim and plaintiff's tort/UM contract claim both arise from the same automobile accident, the claims also have significant differences in the motivation and in the timing of asserting the claims, and they often do not form a convenient trial unit. Further, applying res judicata to the facts of this case would not promote fairness and would be inconsistent with the Legislature's intent expressed through the no-fault act. The no-fault act provides for the swift payment of no-fault PIP benefits. On the other hand, it severely restricts the right to bring third-party tort claims that would form the basis for a UM contract claim. [*Id*. at ___; slip op at 3.]

In reaching the decision, this Court noted that it found *Miles* both "instructive and persuasive," explicitly adopting the following pertinent portions of the reasoning from *Miles*:

> It is plain that both Miles' claim for PIP benefits and his claim for [UM] benefits arise from the same accident and involve the same injuries and insurance policy. For that reason, there is a substantial overlap between the facts involved with both claims. But that being said, there are also significant differences between the two types of claims.
>
> A person injured in an accident arising from the ownership, operation, or maintenance of a motor vehicle as a motor vehicle is immediately entitled to PIP benefits without the need to prove fault. See MCL 500.3105(2); MCL 500.3107. The PIP benefits are designed to ensure that the injured person receives timely payment of benefits so that he or she may be properly cared for during recovery. *Shavers v Attorney General*, 402 Mich 554, 578-579; 267 NW2d 72 (1978). Moreover, the injured person has a limited period within which to sue an insurer for wrongfully refusing to pay PIP benefits. See MCL 500.3145(1). Because an injured person is immediately entitled to PIP benefits without regard to fault, requires those benefits for his or her immediate needs, and may lose the benefits if he or she does not timely sue to recover when those benefits are wrongfully withheld, the injured person has a strong incentive to bring PIP claims immediately after an insurer denies the injured person's claim for PIP benefits.
>
> In contrast to a claim for PIP benefits, in order to establish his or her right to [UM] benefits, an injured person must—as provided in the insurance

-4-

agreement—be able to prove fault: he or she must be able to establish that the uninsured motorist caused his or her injuries and would be liable in tort for the resulting damages. See *Auto Club Ins Ass'n v Hill*, 431 Mich 449, 465-466; 430 NW2d 636 (1988). Significantly, this means that the injured person must plead and be able to prove that he or she suffered a threshold injury. *Id*. at 466, citing MCL 500.3135(1). Except in accidents involving death or permanent serious disfigurement, an injured person will therefore be required to show that his or her injuries impaired an important body function that affects the injured person's general ability to lead his or her normal life in order to meet the threshold. MCL 500.3135(1) and (5). This in turn will often require proof of the nature and extent of the injured person's injuries, the injured person's prognosis over time, and proof that the injuries have had an adverse effect on the injured person's ability to lead his or her normal life. See *McCormick v Carrier*, 487 Mich 180, 200-209; 795 NW2d 517 (2010). Thus, while an injured person will likely have all the facts necessary to make a meaningful decision to pursue a PIP claim within a relatively short time after an accident, the same cannot be said for the injured person's ability to pursue a claim for [UM] benefits. Finally, an injured person's claim for [UM] benefits involves compensation for past and future pain and suffering and other economic and noneconomic losses rather than compensation for immediate expenses related to the injured person's care and recovery. See *Dawe v Bar-Levav & Assoc (On Remand)*, 289 Mich App 380, 408-410; 808 NW2d 240 (2010) (discussing the nature of the economic and noneconomic damages that are awarded in negligence actions). Consequently, a claim for PIP benefits differs fundamentally from a claim for uninsured motorist benefits both in the nature of the proofs and the motivation for the claim. [*Id*. at ___; slip op at 3-4 (citation and quotation marks omitted).]

The *Adam* Court found that conclusion to be further supported by the "base one-year limitations period" and the "one-year-back rule" applicable to PIP claims, under MCL 500.3145(1), which has been found unreasonable as applied to contractual claims for UM benefits. *Id*. at ___; slip op at 5. Therefore, the *Adam* Court ultimately held that "applying res judicata to essentially require mandatory joinder of a mere potential UM claim with a PIP claim would be inconsistent with the very divergent statutory treatment of these two very different types of no-fault claims." *Id*. at ___; slip op at 5-6. Accordingly, the *Adam* Court reversed the trial court's grant of summary disposition to the insurer and remanded the matter for further proceedings in the trial court. *Id*. at ___; slip op at 6.

*Adam* is controlling over the instant case. In both cases, the plaintiff initially filed a lawsuit for PIP benefits, which was settled before the plaintiff filed a claim for UM benefits. See *Adam*, ___ Mich App at ___; slip op at 1-2. Thus, this Court's holding in *Adam* that the doctrine of res judicata does not bar a claim for UM benefits that was filed after settlement of a claim for PIP benefits also applies in this case. See *id*. at ___; slip op at 5. Accordingly, we are compelled to conclude that the doctrine of res judicata does not bar plaintiff's claim for UM benefits. See *id*.

However, we disagree with the holding in *Adam*, and we would conclude that the claim for UM benefits in this case is barred by the doctrine of res judicata if we were we not bound to

follow *Adam*. The two claims in this case arise from a single group of operative facts. See *Adair*, 470 Mich at 124. The PIP and UM claims stem from the same automobile accident and involve all of the same parties. Furthermore, the claim for PIP benefits and the claim for UM benefits are related in time, space, origin, and motivation, and the combination of the two claims form a convenient trial unit since they involve the same parties, the same automobile accident, and the same body of law. See *id*. at 125. Furthermore, application of the doctrine of res judicata in this case would relieve the parties of the costs and vexation of multiple lawsuits involving the same parties and the same automobile accident, would conserve judicial resources, and would encourage the finality of litigation. See *Bryan*, 304 Mich App at 715. Accordingly, we would conclude that the two claims constitute the same transaction if we were not bound to follow *Adam*. See *Adair*, 470 Mich at 124.

In addition, we are not persuaded that there are significant differences in the timing and motivation for asserting the claims that would prohibit the application of res judicata. Plaintiff filed the UM benefits case approximately two months after settling the PIP benefits case and approximately two weeks before the final order was entered in the PIP benefits case. Additionally, the UM benefits case was filed on the day that the trial court determined that it would dismiss the PIP benefits case following the case evaluation settlement. The fact that plaintiff filed the UM benefits case approximately two months after settling the PIP benefits case indicates that plaintiff could have sought to amend the complaint in the original action to include a claim for UM benefits before accepting the case evaluation award if he had exercised reasonable diligence. There is no indication that plaintiff attempted to amend his complaint in original action to include a claim for UM benefits. Instead, he filed a separate complaint after settling the PIP benefits case and attempted to consolidate the two cases. The timing of the two cases also undercuts plaintiff's argument that he did not have all of the information necessary to bring a UM claim at the time of the original action since plaintiff brought the claim for UM benefits only two months after settling the PIP benefits case. Although plaintiff argues that he could not have known the nature and extent of his injuries at the time he filed his PIP lawsuit, he fails to substantiate his argument. Based on the timing of the filing of the two cases, we are not persuaded that plaintiff had insufficient information about his physical condition to warrant the filing of a UM benefits claim at the time of the PIP benefits claim. See *Adair*, 470 Mich at 125.

We are also unpersuaded by plaintiff's argument that the two claims differed in terms of the form of relief granted. As the Michigan Supreme Court clarified in *Adair*, the same transaction test applies "regardless of the . . . variant forms of relief flowing from [the substantive] theories." *Adair*, 470 Mich at 124 (citation and quotation marks omitted). Thus, it is clear that the fact that the PIP benefits claim and the UM benefits claim involved different forms of relief did not affect the analysis with regard to whether the two claims constituted the same transaction for res judicata purposes. See *id*. Plaintiff points out in his brief on appeal that he could not have known that he was entitled to UM benefits at the time he filed the original action and would not have been able to obtain the requisite proof to sustain a UM benefits case. Plaintiff essentially argues that the doctrine of res judicata does not apply since the two claims involved different evidence. See *id*. (" '[T]he same evidence test is tied to the theories of relief asserted by a plaintiff, the result of which is that two claims may be part of the same transaction, yet be considered separate causes of action because the evidence needed to support the theories on which they are based differs.' ") (citation omitted). However, the "same evidence" test was rejected in favor of the "same transaction" test in Michigan. See *id*. at 124-125. Under the

"same transaction" test, the requirement is that a single group of operative facts gives rise to the claims of relief. *Id*. at 124. As discussed above, the PIP benefits claim and the UM benefits claim were part of the same transaction. Consequently, under the broad approach to determining whether a claim is barred by res judicata, we conclude that the matter in the instant case could have been brought in the original action involving the PIP benefits claim. See *id*. at 121. However, because we are bound by this Court's decision in *Adam*, we are compelled to reverse and remand for further proceedings. See *Adam*, ___ Mich App ___; slip op at 6.

### III. MOOTNESS

State Farm asserts two alternative grounds for affirmance: mootness and compulsory joinder under MCR 2.203(A). First, State Farm contends that the issue raised by plaintiff in this appeal is moot because, when he voluntarily dismissed Washington from this action in the trial court, plaintiff foreclosed any opportunity to gain a judgment against Washington, which he must do in order to collect UM benefits from State Farm. We disagree.

We review de novo whether an issue is moot. See *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 254; 833 NW2d 331 (2013). This Court does not decide moot issues. *Id*. "A matter is moot if this Court's ruling 'cannot for any reason have a practical legal effect on the existing controversy.' " *Id*. (citation omitted). "In order to appeal, a party must be an aggrieved party." *Kieta v Thomas M Cooley Law Sch*, 290 Mich App 144, 147; 799 NW2d 579 (2010). "On appeal, the litigant must demonstrate that he or she is affected by the decision of the trial court." *Id*. "An issue becomes moot when a subsequent event renders it impossible for the appellate court to fashion a remedy." *Id*.

The trial court's order dismissing Washington from this action explicitly denotes that the dismissal was without prejudice. " 'A dismissal of a suit without prejudice is no decision of the controversy on its merits, and leaves the whole subject of litigation as much open to another suit as if no suit had ever been brought.' " *Grimmer v Lee*, 310 Mich App 95, ___; ___ NW2d ___ (2015); slip op at 4, quoting *McIntyre v McIntyre*, 205 Mich 496, 499; 171 NW 393 (1919) (citation omitted). "[T]he term 'without prejudice' signifies 'a right or privilege to take further legal proceedings on the same subject, and show that the dismissal is not intended to be *res adjudicata* of the merits.' " *Grimmer*, 310 Mich App at ___; slip op at 4, quoting *McIntyre*, 205 Mich at 499. Thus, Washington's dismissal from this action—without prejudice—does not preclude plaintiff from asserting his negligence claim against her at some point in the future. See *id*. State Farm's argument regarding mootness necessarily fails as a result.

### IV. COMPULSORY JOINDER

State Farm further argues that, under the compulsory joinder rule, MCR 2.203(A), plaintiff's claim for UM benefits in this action is barred because he failed to join that claim in the original action. Because we are bound to follow this Court's decision in *Adam*, we disagree.

We review de novo the proper interpretation and application of a court rule. *Haliw v Sterling Hts*, 471 Mich 700, 704; 691 NW2d 753 (2005). State Farm argued that summary disposition was proper under MCR 2.116(C)(8). " 'A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a complaint.' " *Diallo v LaRochelle*, 310 Mich

App 411, 414; 871 NW2d 724 (2015) (citation omitted). " 'The motion should be granted if no factual development could possibly justify recovery.' " *Id*. (citation omitted). MCR 2.203(A) provides:

> In a pleading that states a claim against an opposing party, the pleader must join every claim that the pleader has against that opposing party *at the time of serving the pleading*, if it arises out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. [Emphasis added.]

"The term 'pleading' is specifically and narrowly defined" by MCR 2.110 to include certain documents, including complaints. See *Clohset v No Name Corp (On Remand)*, 302 Mich App 550, 572; 840 NW2d 375 (2013). In determining whether two claims arise out of the same transaction or occurrence for purposes of MCR 2.203(A), res judicata principles should be applied. See *Marketplace of Rochester Hills Parcel B, LLC v Comerica Bank*, 309 Mich App 579, 586; ___ NW2d ___ (2015) (construing MCR 2.203(A) using res judicata principles), vacated in part on other grounds 871 NW2d 710 (2015); *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 394 n 12; 596 NW2d 153 (1999) (TAYLOR, J., dissenting) ("MCR 2.203(A) requires, consistent with res judicata principles, a party to join every claim that the pleader has against the opposing party.").

As explained above, under *Adam*, plaintiff's claims for PIP benefits in the original action, and his later claim for UM benefits in this action, were not part of the same "transaction." See *Adam*, ___ Mich App ___; slip op at 3-6. Thus, because we are bound to follow *Adam*, we conclude that the claims did not arise out of the same transaction or occurrence for purposes of MCR 2.203(A). See *id*. As such, compulsory joinder is not a viable alternative ground to affirm the trial court's ruling. However, were we not bound to follow *Adam*, we would conclude that plaintiff failed to join his UM benefits claim in the original action at the time that the complaint in the original action was served, which violates MCR 2.203(A). Plaintiff filed a complaint in the original action that pleaded a claim for PIP benefits, but did not include a claim for UM benefits. He later filed a complaint that included a claim for UM benefits and moved to have the two cases consolidated. The trial court denied plaintiff's request. Thus, plaintiff failed to join the UM claim at the time of service of the complaint in the original action, which violates MCR 2.203(A). However, since we are compelled to follow *Adam*, we hold that plaintiff's actions did not violate MCR 2.203(A).

For the reasons discussed above, we are compelled to reverse and remand for further proceedings consistent with this opinion because of this Court's decision in *Adam*. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood