*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DAVID NEIL JOHNSON,

      Defendant-Appellant.

UNPUBLISHED
December 19, 2019

No. 344760
Oakland Circuit Court
LC No. 2018-265888-FH

Before: MURRAY, C.J., and SAWYER and GLEICHER, JJ.

PER CURIAM.

A jury convicted defendant of possession of marijuana, MCL 333.7413(2), carrying a concealed weapon (CCW), MCL 750.227, being a felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. On appeal, defendant challenges the court's jury instruction on the elements of felony-firearm and complains that his felony-firearm sentence was made consecutive to two, rather than one, predicate felonies. Defendant's jury-instruction challenge lacks merit and the trial court already corrected the sentencing error. We affirm.

## I. BACKGROUND

During a routine traffic stop, defendant informed officers that he was carrying a pistol without a license. While being booked into the Oakland County Jail, defendant further admitted to carrying marijuana in his underwear. Defendant had been convicted of a prior felony and never regained his right to possess a firearm. Accordingly, the prosecutor charged defendant with three weapons offenses and one marijuana possession count, and the jury convicted him of same.

## II. JURY INSTRUCTIONS

At the onset of defendant's trial, defense counsel objected to the proposed jury instruction related to the felony-firearm charge. The court addressed defense counsel's specific complaint and counsel expressed satisfaction with the finalized instructions. Defense counsel renewed his approval at the close of trial. Relevant to the felony-firearm count, the court instructed the jury:

In count three the defendant is also charged with the separate crime of possessing a firearm at the time he committed the crime of possession of a firearm by a felon, that being in count two. To prove this charge the prosecutor must prove each of the following elements beyond a reasonable doubt: First, that the defendant committed the crime of possession of a firearm by a felon, which has been defined for you. It's not necessary, however, that the defendant be convicted of that crime. . . .

* * *

The defendant's charged with four counts. That is, with the crimes of carrying a concealed weapon, possession of a firearm by a felon, possession of a firearm in the commission of a felony and possession of the controlled substance marijuana. . . . You must consider each crime separately in light of all the evidence in the case. You may find the defendant guilty of all or any of these crimes, or not guilty of all or any of these crimes.

Defendant now contends that the felony-firearm instruction left the jury with the false impression that the first element of the charge would be met if the jury found defendant guilty of felon-in-possession. The court should have advised the jury that a finding of guilt on the felon-in-possession charge did not automatically satisfy the first element of the felony-firearm, defendant asserts, and defense counsel was ineffective for failing to object in this regard.

Defendant failed to preserve his challenge to counsel's performance by requesting a new trial or evidentiary hearing. Our review is therefore limited to mistakes apparent on the existing record. *People v Snider*, 239 Mich App 393, 423, 517; 608 NW2d 502 (2000). "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). To satisfy an ineffective assistance of counsel claim, a defendant must show that trial counsel's performance fell below an objective standard of reasonableness, and that the unreasonable representation prejudiced the defendant. *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). We give great deference to trial counsel's performance and the "defendant must overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy." *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984) (quotation marks and citation omitted). The prejudice requirement is satisfied when the defendant shows "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *People v Pickens*, 446 Mich 298, 349-350; 521 NW2d 797 (1994).

Defendant has not established that he was prejudiced by defense counsel's failure to raise his proffered challenge to the jury instructions. Jury instructions must be reviewed "in their entirety" to determine if they "fairly presented the issues to be tried and sufficiently protected the defendant's rights." *People v Gonzalez*, 256 Mich App 212, 225; 663 NW2d 499 (2003). Reviewing the current instructions in their entirety, there is no reasonable probability the jury would have reached a different verdict had it been explicitly informed that the first element of the felony-firearm charge is not automatically met by finding defendant guilty of the underlying felon-in-possession charge. The jury separately found the defendant guilty of the felon-in-

possession charge and it is unlikely that the jury essentially would have acquitted defendant of the same conduct under the felony-firearm charge. Defendant's argument relies on a combination of wishful thinking and speculation and does not support a claim of prejudicial error.

Moreover, defense counsel's performance was constitutionally reasonable. The instructions were correct as given and any objection would have been futile. See *Snider*, 239 Mich App at 517. The court read the standard instruction applicable to felony-firearm, advised the jury that it was required to consider each offense separately, and informed the jury that it could acquit or convict defendant of the charges in any combination. There was no error to challenge.

## III. CONSECUTIVE SENTENCING

Defendant further contends that the trial court erroneously ordered his felony-firearm sentence to run consecutive to all three of his other charges. The trial court already corrected this error by entering an amended judgment of sentence making the felony-firearm sentence consecutive only to the felon-in-possession sentence. There is no further relief that could be granted and this issue is moot. *Garret v Washington*, 314 Mich App 436, 450; 886 NW2d 762 (2016).

We affirm.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Elizabeth L. Gleicher

-3-