*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTIE McKINNEY HATCHETT,

Plaintiff-Appellee,

UNPUBLISHED
June 11, 2021

v

No. 357434
Oakland Circuit Court
LC No. 2021-187935-AW

PONTIAC CITY ELECTION COMMISSION,

Defendant-Appellant,

and

GARLAND DOYLE,

Defendant-Appellee,

and

ANTHONY K. CHUBB and SEKAR BAWA,

Defendants.

Before: CAVANAGH, P.J., and SERVITTO and O'BRIEN, JJ.

PER CURIAM.

The Pontiac City Election Commission appeals as of right from the circuit court's order granting plaintiff mandamus relief and ordering it to approve ballots for the upcoming primary election which did not include the name of the city's current mayor Deirdre Waterman as a candidate for mayor. We affirm.

The relevant facts are not in dispute. Plaintiff is a resident of the City of Pontiac. Defendant Doyle is Pontiac's city clerk, defendant Chubb is Pontiac's city attorney, and defendant Bawa is Pontiac's treasurer. Pursuant to Pontiac's city charter, the Pontiac City Election Commission is made up of the city clerk, attorney, and treasurer.

-1-

Dr. Deirdre Waterman is the current mayor of Pontiac. On April 13, 2021 Waterman filed her nominating petitions and affidavit of identity with the Pontiac city clerk so that she would be listed as a candidate for mayor in the upcoming August 3, 2021 primary election. The affidavit of identity [AOI] includes the following statements followed by Waterman's notarized signature:

I swear, or affirm, that the facts I have provided and the facts contained in the statement set forth below are true.

*At this date, all statements, reports, late filing fees, and fines due from me or any Candidate Committee organized to support my election to office under the Michigan Campaign Finance Act, PA 388 of 1976, have been filed or paid.*

I acknowledge that making a false statement in this affidavit is perjury - a felony punishable by a fine up to $1,000.00 or Imprisonment for up to 5 years, or both and may result in disqualification from the ballot (MCL 168.558, 933, and 936). [italics original].

The relevant part of MCL 168.558(4) states:

An affidavit of identity must include a statement that as of the date of the affidavit, all statements, reports, late filing fees, and fines required of the candidate or any candidate committee organized to support the candidate's election under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid . . . . *An officer shall not certify to the board of election commissioners* the name of a candidate who fails to comply with this section, or *the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section.* [emphasis added].

The Pontiac city clerk is the officer who is tasked with certifying the names of candidates to the Pontiac City Election Commission for placement on the ballot. Plaintiff challenged Waterman's eligibility to appear on the ballot, asserting that Waterman's AOI contained false statements because as of April 13, 2021 she had failed to file approximately two years' worth of campaign finance disclosure statements as required by the campaign finance act. Defendant Doyle, as city clerk, reviewed the challenges filed against certification of the proposed candidates, including Dr. Waterman. He verified that Waterman or her campaign failed to file the following reports required by the campaign finance act: a 2020 annual report, a 2020 October quarterly report, a 2020 July quarterly report, a 2019 annual report, a 2019 October quarterly report, and a 2019 July quarterly report. Since Waterman's statement on her AOI that she had filed those required documents was false, defendant Doyle did not certify Waterman to the election commission as a candidate for mayor.

When defendant Doyle presented his certification report to the election commission, defendant Chubb moved to amend the meeting agenda to allow the commission to resolve to amend the candidate certification list. Defendant Bawa seconded the motion, and the commission voted over Doyle's objections to allow the commission to amend the certification list before

approving the list of candidates. After defendant Doyle presented his certification report and explained the reasons for not certifying specific candidates, defendant Chubb moved to amend the list of certified candidates to include Waterman as a candidate for mayor. Defendant Bawa seconded that motion. Defendant Doyle objected, arguing that the commission was acting beyond the scope of its authority. Chubb and Bawa then voted to add Waterman to the primary ballot as a candidate for mayor.

In response to the election commission's vote to add Waterman's name to the ballot, plaintiff filed her complaint for declaratory and mandamus relief, asking the circuit court to order the commission to approve ballots containing only the names of candidates certified by the city clerk. After an evidentiary hearing the circuit court ordered the election commission to meet as soon as possible and approve the proof ballot prepared by the Oakland County Director of Elections, which contained only the names of candidates certified by the city clerk. The court ordered that no substantive changes be made to the list of certified candidates on the proposed ballot as originally certified by the city clerk. The election commission then met and approved the ballots without Deirdre Waterman's name listed as a candidate for mayor. The proof ballots omitting Dr. Waterman's name were sent to the printer on June 4, 2021, three days before appellant commission filed its claim of appeal on June 7, 2021. The final printed ballots were delivered to the city clerk on June 8, 2021.

Appellant appeals the circuit court's order, arguing that defendant Doyle exceeded his authority as clerk by refusing to certify Waterman as a candidate for mayor and that that the commission properly corrected the clerk's error. We affirm the circuit court's order.

First, we find that appellant's appeal is moot. An issue becomes moot where interim relief or subsequent events have made it impossible for the appellate court to provide a remedy. *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016). The ballots in question have been sent to the printer, printed, and delivered to the City of Pontiac for mailing to absentee voters. There is no dispute that on April 13, 2021 Deirdre Waterman submitted an AOI swearing or attesting under penalty of perjury that she had filed all statements and reports required by the campaign finance act. It is a matter of public record and not in dispute that Waterman did not file statements required by the campaign finance act for two years before signing her AOI. Regardless of whose duty it was to investigate or make determinations, there is no dispute that Waterman made material false statements on her AOI and so cannot be certified as a candidate for Mayor on the August 3, 2021 primary ballot. Since the ballots have been prepared and correctly omit Waterman's name, whether the city clerk and election commission followed proper procedures or exceeded their powers present moot issues which need not be addressed.

Furthermore, appellant brought its appeal unnecessarily late under the circumstances of this case. The circuit court's order was issued May 28, 2021 and the ballots were presented to the printers on Friday June 4, 2021. Appellant did not file its appeal until late afternoon on June 7, 2021 only one day before the printed final ballots were delivered to the city clerk for mailing to absentee voters. Granting relief to appellant at this point would cause substantial prejudice to appellees and the City of Pontiac because they would need to pursue last-minute printing of revised ballots on an expedited basis and engage in additional effort to ensure that absentee ballots were mailed by the June 19, 2021 deadline. Accordingly, even if the commission's appeal is not moot,

it is barred by laches. *Burton-Harris v Wayne County Clerk*, __ Mich App __; __ NW2d __ (2021) (Docket No. 353999) slip op at 10.

Finally, appellant has presented nothing which suggests that the circuit court abused its discretion or otherwise erred by ordering the Pontiac City Election Commission members to approve the ballots without Waterman's name as a candidate for Mayor.

The filing of nominating petitions, AOIs, and other documents by a potential candidate is governed by MCL 168.558. *Burton-Harris*, slip op p 8. Candidates and public officials must strictly comply with the requirements of MCL 168.558. *Nykoriak v Napoleon*, __Mich App __; __ NW2d __ (2020) (Docket No. 354110), slip op at 5. MCL 168.558(4) specifically states that "An officer shall not certify to the board of election commissioners … the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section." Recently this Court has noted that the last sentence of subsection (4), amended by 2018 PA 650, contradicts earlier unpublished caselaw suggesting that that the city clerk could only review the facial validity of the AOI. *Burton-Harris*, slip op at 9. "Under the unambiguous language of the amended statute, the Clerk's duty is clear—if a candidate's AOI contains a false statement, the Clerk cannot certify that candidate's name to the Election Commission." *Id*.

Defendant Doyle, as city clerk, was the officer responsible for receiving AOIs with regard to city elections and certifying candidates to the board of election commissioners. Waterman's affidavit contained the false statement that she had filed all necessary statements and reports required by the campaign finance act. Accordingly, under the plain language of MCL 168.558(4), defendant Doyle could not certify Waterman as a candidate for mayor to the board of election commissioners. Defendant Doyle properly complied with his statutory duty, and the commission could not certify Waterman under the guise of correcting a nonexistent error.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Colleen A. O'Brien