*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

MARC MENDELSON and LISA MENDELSON,

        Plaintiffs-Appellants,

v

ROBERTUS SCHMIT,

        Defendant-Appellee,

and

BANK OF AMERICA, BETTER MORTGAGE
CORPORATION, and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

        Defendants.

UNPUBLISHED
November 13, 2024
8:52 AM

No. 368265
Oakland Circuit Court
LC No. 2023-200367-CK

---

Before: BORRELLO, P.J., and N.P. HOOD and YOUNG, JJ.

PER CURIAM.

In this real property action, plaintiffs appeal as of right the trial court's order granting summary disposition to defendant Robertus Schmit. We affirm.

## I. FACTUAL BACKGROUND

Plaintiffs purchased land in West Bloomfield, abutting Walnut Lake in 2008. Schmit purchased property immediately north of plaintiffs in 2013, also abutting Walnut Lake. Only Schmit owns the pertinent area of lake bottomlands. Plaintiffs kept a dock with a hoist in Walnut Lake and used it seasonally. The dock was anchored onto the bottomlands with three poles. Plaintiffs also ran an irrigation tube through Schmit's bottomlands for use in the spring and summer. Schmit requested that plaintiffs remove their dock in 2020.

Plaintiffs brought a suit against Schmit in 2020 for claims of adverse possession or prescriptive easement and quiet title related to their dock and boat hoist on Walnut Lake. The trial court dismissed plaintiffs' claim for adverse possession, but granted them a prescriptive easement

for their dock and boat hoist. Schmit appealed this decision. In an unpublished opinion, this Court reversed. *Mendelson v Schmit*, unpublished per curiam opinion of the Court of Appeals, issued November 30, 2023 (Docket Nos. 363177 and 364285), p 7. This Court stated that plaintiffs failed to establish the necessary 15-year period of continuous, unopposed trespass onto Schmit's property because they relocated their dock in 2009. *Id*. at 6.

Around the time the trial court granted their easement in the 2020 case and before this Court's reversal, Schmit built a dock, which blocked access to plaintiffs' easement, and buried their irrigation tube. Plaintiffs filed the instant case against defendants on May 15, 2023. Plaintiffs alleged they had adversely possessed Schmit's land where their irrigation tube was located or had a prescriptive easement over the land. They requested that the trial court quiet title in their favor. Defendant Bank of America was dismissed from the action via a stipulated order of dismissal on May 25, 2023. Defendant Better Mortgage Corporation was voluntarily dismissed without prejudice by plaintiffs. Defendant Mortgage Electronic Registration Systems, Inc., filed a notice of affirmative defenses and an answer to the complaint in September 2023.

Schmit filed a motion for summary disposition, arguing that plaintiffs' claims were barred by res judicata. Schmit argued that plaintiffs' claims for adverse possession or prescriptive easement over his land for their irrigation tube could have been resolved in the 2020 case about the docks. In their response to Schmit's motion for summary disposition, plaintiffs argued that there was no issue with the placement of their irrigation tube until the conclusion of the 2020 case. Plaintiffs had not requested relief related to their irrigation tube in the 2020 case, and argued the use of land in each case differed. Plaintiffs believed their current suit was not barred by res judicata.

The trial court granted Schmit's motion for summary disposition. The trial court found that the 2020 case resulted in a final judgment decided on the merits, that the parties in the cases were identical, and that the issue of plaintiffs' irrigation tube involved the same portion of the bottomlands involved in the earlier case. On appeal, plaintiffs argue that the trial court erred in granting Schmit's motion for summary disposition. They argue that res judicata does not bar their claim related to their irrigation tube because it does not arise from the same set of facts as their prior lawsuit regarding their dock and boat hoist. We disagree.

## II. STANDARD OF REVIEW

This Court reviews the trial court's decision on a motion for summary disposition de novo. *Bailey v Antrim Co*, 341 Mich App 411, 421; 990 NW2d 372 (2022). In this case, Schmit moved for summary disposition pursuant to MCR 2.116(C)(7). When considering a motion for summary disposition under MCR 2.116(C)(7), this Court may consider the affidavits, pleadings, depositions, admissions, and documentary evidence submitted by the parties. *Trowell v Providence Hosp & Med Ctrs, Inc*, 502 Mich 509, 519; 918 NW2d 645 (2018). The documentary evidence should be considered in the "light most favorable to the non-moving party." *RDM Holdings, LTD v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008). A motion for summary disposition is properly granted under MCR 2.116(C)(7) when a claim is barred because of res judicata. *Allen Park Retirees Ass'n, Inc v Allen Park*, 329 Mich App 430, 443; 942 NW2d 618 (2019). The applicability of res judicata is a legal question that is reviewed de novo. *Id*.

III. ANALYSIS

Res judicata is used to prevent the litigation of multiple suits involving the same cause of action. *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359681); slip op at 3. Subsequent action is barred when (1) the prior suit was decided on the merits, (2) the same parties are involved in both actions, and (3) the claim in the subsequent case was, or could have been, resolved in the prior case. *Adair v State of Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). Orders granting summary disposition motions are decisions on the merits. *C-Spine Orthopedics, PLLC*, ___ Mich App at ___; slip op at 3.

Res judicata bars claims that have been litigated, and all claims that belonged to the subject of litigation that the parties, "exercising reasonable diligence, could have raised but did not." *Id*. (citation omitted). Michigan courts apply a broad "transactional" test when determining if a claim could have been resolved in a prior action. *Garrett v Washington*, 314 Mich App 436, 442; 886 NW2d 762 (2016). For the purpose of res judicata, two actions are the same if the same facts or evidence would sustain them. *C-Spine Orthopedics, PLLC*, ___ Mich App at ___; slip op at 3. The determinative factor is whether the facts of the instant claim arise from the same transaction as the original claim. *Garrett*, 314 Mich App at 442. When determining if a set of facts constitutes a transaction, this Court should consider if the facts are related in " 'time, space, origin, or motivation, and whether they form a convenient trial unit.' " *Adair*, 470 Mich at 125 (citation, brackets, and emphasis omitted).

Plaintiffs argue that the instant case is not precluded by the 2020 case under res judicata. The prior suit must have been decided on the merits. *Id*. at 121. The 2020 case was decided in an order granting summary disposition. This order is a decision on the merits. *C-Spine Orthopedics, PLLC*, ___ Mich App at ___; slip op at 3. Neither party disputes this. Both actions must involve the same parties. *Adair*, 470 Mich at 121. In both cases, the Mendelsons have been the plaintiffs and Schmit and Mortgage Electronic Registration Systems, Inc, have been the defendants. Neither party disputes that the same parties are involved in both cases.

Res judicata would bar the instant case if the claims involved had been, or could have been, resolved in the 2020 case. *Id*. Plaintiffs could have raised the issue of their irrigation tube in the 2020 case. While plaintiffs did not mention the irrigation tube in their complaint in the 2020 case, they mentioned it in conjunction with their dock and boat hoist in their motion for summary disposition and their response to Schmit's motion for summary disposition in the 2020 case. The irrigation tube was located on the same area of the lake bottomlands as their dock. It would have been logical for plaintiffs to raise the issue of their irrigation tube in the same case. If there was a potential issue with their dock being anchored to Schmit's bottomlands, it was likely that there would be an issue with their irrigation tube being located there. Applying the transactional test, this Court considers if the facts of the instant case arose from the same transaction as the prior case. *Garrett*, 314 Mich App at 442. The facts regarding the dock and the irrigation tube constitute the same transaction because they are related in "time, space, origin, or motivation." *Adair*, 470 Mich at 125 (citation omitted). When plaintiffs acquired their property, the dock, boat hoist, and irrigation tube had already been in use. The dock and irrigation tube were located on the same part of Schmit's land, the Walnut Lake bottomlands. Plaintiffs, exercising reasonable diligence, could

have raised the issue with the irrigation tube in their prior case but did not. *C-Spine Orthopedics, PLLC*, ___ Mich App at ___; slip op at 3.

Plaintiffs allege that the issues with their irrigation tube should not constitute the same transaction as the issues with their dock because the facts are unrelated in origin and motivation. They argue that the current case is being brought solely because Schmit retaliated against them when they were granted a prescriptive easement in the 2020 case. Schmit sought to build a dock on his property in 2020, prompting the prior lawsuit. His continued attempt to build his dock indicates that the facts in both actions are related in origin and motivation. *Adair*, 470 Mich at 125.

Plaintiffs acknowledge that the same area of Schmit's land is in question in both actions. Both the irrigation tube and the dock were used seasonally by plaintiffs in the same area. While the irrigation tube was a different type of entry onto Schmit's land, it did not require any differing frequency of use than the dock. The dock was used seasonally, though plaintiffs left the dock in the lake year-round until West Bloomfield enforced seasonal removal of their dock. The irrigation tube was also used seasonally during the spring and summer. Additionally, in the instant case, plaintiffs had their irrigation tube in the lake while the issue of their dock was being litigated.

The issue of plaintiffs' irrigation tube involves the same time, facts, origin, and motivation as the issue of their dock. It would have been convenient to litigate the two issues at the same trial. *Adair*, 470 Mich at 125. The issues are therefore part of the same transaction and could have been litigated in the prior case. *Garrett*, 314 Mich App at 442. Plaintiffs, exercising reasonable diligence, could have raised the issue of their irrigation tube in the prior case, and therefore, res judicata applies to preclude their current claim. *C-Spine Orthopedics, PLLC*, ___ Mich App at ___; slip op at 3.

Affirmed.

/s/ Stephen L. Borrello
/s/ Noah P. Hood
/s/ Adrienne N. Young

-4-