*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CANALIS MEDICAL PHARMACY, DEROSA
GROUP, INC., ROSETTA GROUP, AMEE PATEL,
and DEVEN PATEL,

UNPUBLISHED
April 07, 2025
10:52 AM

Plaintiffs-Appellants,

v

No. 369898
Oakland Circuit Court
LC No. 2023-202394-NM

ARTHUR JAY WEISS & ASSOCIATES,

Defendant-Appellee.

Before: GARRETT, P.J., and K. F. KELLY and SWARTZLE, JJ.

PER CURIAM.

Plaintiffs appeal by right the circuit court's order granting summary disposition in favor of defendant under MCR 2.116(C)(7). For the reasons set forth in this opinion, we reverse the trial court's order and remand for further proceedings.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case involves a legal malpractice dispute between plaintiffs Canalis Medical Pharmacy, DeRosa Group, Inc., Rosetta Group, Amee Patel, and Deven Patel, who were clients of attorney Arthur Jay Weiss and his law firm, defendant Arthur Jay Weiss & Associates. The underlying facts of this case involve civil and criminal federal court proceedings related to Amee and Deven's healthcare businesses.

In the criminal case, *United States of America v Patel*, federal district court case no. 2:13-cr-20481-VAR-MKM-1, Deven pleaded guilty to healthcare fraud and unlawful distribution of a controlled substance. Deven was sentenced to 16 months' imprisonment for the healthcare fraud conviction and 12 months' imprisonment for the controlled substance conviction, to be served concurrently. In addition, plaintiffs were among many claimants in a civil in rem proceeding in the Eastern District of Michigan, *United States of America v Currency $66,369*, federal district court case no. 2:16-cv-10680-VAR-MKM, in which defendant was listed as counsel of record for all claimants, including plaintiffs.

According to plaintiffs, defendant was retained by them to assist with the in rem proceeding, which included "the pursuit of money and accounts seized by the federal government." Plaintiffs alleged that defendant "failed to file a claim of interest on two (2) accounts totaling approximately $148,000 . . . ." As a result of defendant's alleged failure to file the claims of interest, the "accounts were administratively forfeited." According to plaintiffs, they only learned of the forfeited accounts in 2019 when Julie Beck, an assistant United States Attorney, informed plaintiffs' "additional legal counsel . . . ."

On March 4, 2020, defendant sought to withdraw from the in rem proceeding as a result of a breakdown of the attorney-client relationship and also filed a notice of attorney lien for its unpaid invoices. Defendant objected to a proposed settlement between the United States government and plaintiffs on the basis of the attorney lien, and defendant simultaneously sought a "release of all claims" from plaintiffs. The federal district court granted defendant's motion to withdraw and entered an order concerning the attorney lien. In the order, the district court required the federal government to send a portion of the proceeds being sent back to plaintiffs into a client trust account for the benefit of defendant's lien, and required plaintiffs' attorney to satisfy defendant's lien before disbursing the funds to plaintiffs. Concerning defendant's request for a release, the court ordered:

> 7. Over the objection of Mr. Abdrabboh, upon receipt of the Joint Statement, the Patels and related entities must provide a full and complete release of liability to Mr. Weiss for the services he rendered them in this litigation.

Plaintiffs appealed the order to the Sixth Circuit Court of Appeals. In an unpublished order, the Sixth Circuit remanded the case back to the federal district court, concluding there was insufficient evidence in the record to justify the court ordering plaintiffs to execute a release. On remand, the federal district court entered an order declining to exercise supplemental jurisdiction over the malpractice issue and closed the case.

Plaintiffs subsequently filed the present complaint in state court. In lieu of answering, defendant moved for summary disposition, contending, among other things, that the district court's order requiring plaintiffs to execute a release was itself the release, which was enforceable and entitled defendant to summary disposition. Defendant also argued that under principles of collateral estoppel and res judicata, plaintiffs were estopped from relitigating the issue. The circuit court agreed with defendant, and entered an order granting summary disposition in its favor under MCR 2.116(C)(7). The court stated:

> Here, there is no dispute that Plaintiffs' Complaint against Defendants herein arises out of Defendants' actions and/or inactions in underlying matter. Indeed, Plaintiffs' response to Defendants' dispositive motion does not dispute the Orders entered in the underlying matter, and Plaintiffs chose not to appeal the Order entered October 14, 2022 by the Hon. Victoria A. Roberts declining the Sixth Circuit's invitation to re-address the issue of the release ordered by Judge Roberts. Having failed to do so, Plaintiffs failed to raise a genuine issue of material fact relative to the release ordered by the U.S. District Court in the underlying matter compelling summary disposition in favor of Defendants herein, pursuant to MCR 2.116(C)(7).

This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Zarzyski v Nigrelli*, 337 Mich App 735, 740; 976 NW2d 916 (2021). Under MCR 2.116(C)(7), summary disposition is appropriate in circumstances of "release, payment, prior judgment, immunity granted by law, statute of limitations, statute of frauds, an agreement to arbitrate or to litigate in a different forum, infancy or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action." "When it grants a motion under MCR 2.116(C)(7), a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *McLain v Lansing Fire Dep't*, 309 Mich App 335, 340; 869 NW2d 645 (2015). "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate." *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008) (citation omitted).

## III. ANALYSIS

Plaintiff argues that the trial court erred when it granted defendant's motion for summary disposition because the federal district court's order was not itself a release that could be enforced. Plaintiffs also contend that their malpractice claims were never litigated on the merits and there was no final judgment; therefore, they are not precluded from bringing their claims in state court. We agree.

As an initial matter, it is not clear from the circuit court's order whether the court based its decision under MCR 2.116(C)(7) on the purported "release" or on the fact that there was a "prior judgment." It appears to us the court based its decision on the latter justification, as the court stated that plaintiffs' decision to not appeal the federal district court's order declining supplemental jurisdiction meant that plaintiffs "failed to raise a genuine issue of material fact relative to the release ordered by the U.S. District Court in the underlying matter compelling summary disposition in favor of Defendants herein, pursuant to MCR 2.116(C)(7)." Nevertheless, we will address both justifications.

To the extent the circuit court based its decision on the fact that there was an enforceable release, such a determination was erroneous. In the federal district court, the court ordered plaintiffs to "provide a full and complete release of liability to Mr. Weiss for the services he rendered them in this litigation." It is undisputed that after the court entered the order, plaintiffs never complied by executing a release. "This Court has traditionally applied theories of contract law to disputes regarding the terms of a release." *Shay v Aldrich*, 487 Mich 648, 660; 790 NW2d 629 (2010). "The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties. To this rule all others are subordinate." *Id.* (quotation marks and citation omitted). "Generally, if the language of a contract is unambiguous, it is to be construed according to its plain meaning. On the other hand, if the language of a contract is ambiguous, courts may consider extrinsic evidence to determine the intent of the parties." *Id.* (citation omitted).

Here, the clear evidence is that there was no intention on the part of plaintiffs to execute a release. In the federal district court's order, the court stated that it was entering the order over plaintiffs' objection. At every stage of the proceedings, in fact, plaintiffs have objected to the idea of executing a release of liability. Moreover, there is no contractual language for this Court to interpret to determine the intent of the parties. The order itself required plaintiffs to execute a "full and complete" release, but the order is not the release itself. Before the federal district court refused to exercise supplemental jurisdiction, defendant's ability to get relief under the order would have been to seek a separate order holding plaintiffs in contempt for not complying with the federal district court's requirement. But defendant never did this, and instead relies on the order as comprising the release itself. But because there was no "release" in the first place, it would have been error for the circuit court to rely on the "release" when granting summary disposition under MCR 2.116(C)(7).

To the extent the circuit court based its decision on the fact that there was a prior judgment, such a decision was also erroneous. "The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *Garrett v Washington*, 314 Mich App 436, 441; 886 NW2d 762 (2016) (quotation marks and citations omitted). "For res judicata to preclude a claim, three elements must be satisfied: (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*. (quotation marks and citation omitted). "The burden of proving the applicability of the doctrine of res judicata is on the party asserting it." *Id*. (quotation marks, citation, and brackets omitted).

Similarly, collateral estoppel "bars relitigation of an issue" in a new action. *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006). "Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *Monat v State Farm Ins Co*, 469 Mich 679, 682-684; 677 NW2d 843 (2004) (quotation marks, citations, and brackets omitted). Mutuality of estoppel "requires that in order for a party to estop an adversary from relitigating an issue that party must have been a party, or in privy to a party, in the previous action." *Id*. at 684. (quotation marks and citation omitted).

Neither res judicata nor collateral estoppel apply to the facts of this case for the same reason: there was no final decision on the merits. Defendant relies heavily on the fact that the Sixth Circuit Court of Appeals never actually reversed or vacated the order requiring the release. While that is true insofar as those words did not appear in the Sixth Circuit's order, the tenor and tone of the order suggest that there was no continuing validity to the federal district court's order. The court stated that it was "clear that the record" was insufficient to determine "whether the "[federal] district court properly ordered the Weiss Release." The court also noted that the federal district court cited "no authority for ordering the Weiss Release, and instead relies vaguely on the goal of reaching a global resolution to the dispute." Substantively, the Sixth Circuit questioned whether the federal district court could, consistent with principles of due process, order a party to execute a release over the party's objection.

If defendant were correct that the federal district court's order was still valid after the Sixth Circuit remanded the case, defendant, in theory, could have immediately moved to enforce the order. But it is clear from the language of the Sixth Circuit's order that there was insufficient evidence in the record to determine whether the federal district court's order was proper. In other words, had defendant immediately tried to enforce the order, it would not have been successful because the record was undeveloped. Thus, there was neither a "decision on the merits," *Garrett*, 314 Mich App a 441, nor a "valid and final judgment" for the circuit court to enforce. *Monat*, 469 Mich 679, 682; 677 NW2d 843 (2004) (quotation marks, citations, and brackets omitted). And once the federal district court declined to exercise supplemental jurisdiction, neither collateral estoppel nor res judicata prevented plaintiffs from asserting their malpractice claims in state court.[1]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiffs, as the prevailing parties, may tax costs. MCR 7.219(A).

/s/ Kristina Robinson Garrett
/s/ Kirsten Frank Kelly
/s/ Brock A. Swartzle

---

[1] Plaintiffs also contend that the circuit court's order granting summary disposition was erroneous because the federal district court did not have authority under Article III or under principles of due process to order them to execute a release. This argument has been waived, however, because it was not advanced in the circuit court. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg*, LLC, 347 Mich App 280, 289; 14 NW3d 472 (2023). Moreover, consideration of these arguments are not necessary for resolution of the case as we have already determined that plaintiffs are entitled to relief.