*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLES E. LAFFERTY,

Plaintiff-Appellant,

v

DAVID SKRZYPEK and KAREN SKRZYPEK,

Defendants-Appellees.

UNPUBLISHED
June 16, 2026
1:08 PM

No. 373038
Livingston Circuit Court
LC No. 2023-032000-CH

Before: CAMERON, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition to defendants under MCR 2.116(C)(7) (claim barred by res judicata).[1] We reverse and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from disputes between neighboring homeowners over the maintenance of a shared, private gravel road. Plaintiff and defendants own real property along the same private road and are the only residences that use it to access their homes. In 2017, defendants initiated an

---

[1] Although defendants moved for summary disposition under both MCR 2.116(C)(7) and (C)(8) (claim fails as a matter of law), the trial court's order does not indicate under which ground it granted summary disposition. But because the trial court considered documents outside of the pleadings, we consider the motion as having been decided under MCR 2.116(C)(7). See *Dextrom v Wexford Co*, 287 Mich App 406, 431; 789 NW2d 211 (2010) (stating that trial courts reviewing motions for summary disposition under MCR 2.116(C)(7) must consider all documentary evidence "that the parties submit to determine whether there is a genuine issue of material fact."); *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) ("When considering [a motion brought under MCR 2.116(C)(8)], a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone.").

action ("the 2017 case") in the Livingston Circuit Court "because Plaintiff would not contribute to maintenance and repair of the road." In that case, the parties entered into a consent judgment that dictated how they were to maintain the shared road. But even after the consent judgment was entered, the parties struggled to agree on what work needed to be completed. As a result, plaintiff initiated this declaratory-judgment action against defendants, contending that there was a dispute regarding the scope of the work required by the consent judgment and defendants' financial obligations with respect to this work.

Defendants moved for summary disposition, arguing that plaintiff's action was barred by res judicata because both the present case and the 2017 case involved the same parties, the consent judgment was a final decision on the merits, and plaintiff sought to relitigate the same issues decided in the 2017 case. Plaintiff disagreed, contending that because the consent judgment did not exist when the prior lawsuit was filed, it "was never interpreted, considered or litigated by any court." Trial court agreed with defendants and granted their motion. This appeal followed.

## II. STANDARDS OF REVIEW

"A trial court's decision on a motion for summary disposition is . . . reviewed de novo." *Allen Park Retirees Ass'n, Inc v Allen Park*, 329 Mich App 430, 443; 942 NW2d 618 (2019). "Summary disposition may be granted under MCR 2.116(C)(7) when a claim is barred by res judicata . . . ." *Id*. "In reviewing a ruling pursuant to subrule (C)(7), we consider all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 432-433; 824 NW2d 318 (2012) (quotation marks, brackets, and citation omitted). Further, "the circuit court must accept the nonmoving party's well-pleaded allegations as true and construe the allegations in the nonmovant's favor[.]" *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 227; 859 NW2d 723 (2014) (quotation marks and citation omitted). Finally, "[t]he applicability of the doctrine of res judicata constitutes a question of law that this Court also reviews de novo." *Beyer v Verizon North Inc*, 270 Mich App 424, 428; 715 NW2d 328 (2006).

## III. ANALYSIS

Plaintiff contends that the trial court erred when it determined that the doctrine of res judicata barred his declaratory-judgment action. We agree.

The doctrine of res judicata applies to consent judgments. *Garrett v Washington*, 314 Mich App 436, 441; 886 NW2d 762 (2016). For res judicata to preclude a claim, the trial court must find that: "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*. (quotation marks and citation omitted). "The burden of proving the applicability of res judicata is on the party asserting it." *Id*. (quotation marks, brackets, and citation omitted).

The parties agree that the first and second elements of res judicata are satisfied. Thus, we must decide whether the issues in the present case could have been resolved in the 2017 action. Plaintiff's declaratory-judgment action alleged that there was a dispute regarding the scope of the work required by the consent judgment and the financial responsibilities of the parties. Although

the parties litigated the exact terms of the consent judgment in the 2017 action, plaintiff necessarily could not have brought the current action to clarify and enforce the consent judgment until *after* it was entered. Thus, the trial court erred by finding that res judicata barred plaintiff's action.

We reverse and remand for further proceedings. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle